Atkins v. Van Buren School Township.

.No. 8112.

ATKINS v. VAN BUREN SCHOOL TOWNSHIP.

CONTRACT.—*Unfilled Blanks.*—*School Law.*—*Teacher.*—A contract to teach school, which is left blank in respect to the terms of employment, and contains no stipulation that the blanks shall thereafter be filled, in accordance with any defined or definable rule or ascertainable facts, can not be made the basis of an action against the township for refusing to permit the plaintiff to teach the school.

SAME.—*Nominal Damages.*—If treated as a contract of employment for an indefinite time, the damages for a breach would be nominal only; and there is no available error in sustaining a demurrer to a complaint good for such damages.

From the Clay Circuit Court.

*W. W. Carter, S. D. Coffey, S. M. McGregor* and *J. Trissel*, for appellant.

*G. A. Knight* and *C. H. Knight*, for appellee.

WOODS, J.—The demurrer of the appellant—who was the plaintiff below—to the answer was carried back and sustained to the complaint, and judgment given for the appellee. We give the substance of the complaint:

The plaintiff says, that, on the 6th day of March, 1877, he entered into a contract with said defendant by her then trustee, John Steed, to teach and act as superintendent of the graded school of the town of Harmony, in said county, the same not being an incorporated town, for the then ensuing school year, to commence on the — day of September, 1877, at and for the agreed price of $4.50 per day; that they undertook to reduce said contract to writing, but as they were both ignorant of the amount of money to be used for said school, they left the length of time to be taught in said school district blank, but plaintiff says that all the material parts of said contract were reduced to writing, and signed by this plaintiff, and the said Steed, for said township, a copy of which contract is filed herewith and made a part hereof; that said school, when ascertained, was one hundred and forty-eight days, and at the commence-

ment thereof the plaintiff was ready and willing to comply with the terms of said contract on his part, and on the first day of said term tendered his services to said defendant and demanded to be permitted to teach and superintend said school, but the defendant wholly failed to comply with the terms of said contract on her part, in this, that the defendant refused to allow this plaintiff to teach or superintend said school, but let the same to another; that during all said school term the plaintiff was ready and willing to comply with said contract; that the defendant did not notify him that he could not teach said school until it was too late for him to get a school elsewhere during said school year, and he was compelled to, and did go unemployed, for the whole of said one hundred and forty-eight days. Wherefore, etc.

"Teacher's contract: It is hereby contracted and agreed, between John Steed, township trustee of the township of Van Buren, county of Clay, and State of Indiana, and William H. Atkins, a regularly licensed teacher of said county, that the said William H. Atkins shall superintend the school in Harmony, and teach grade No. 1 in said school in said township for the term of —— weeks, of five days each, for the sum of $4.50 per day, commencing on the — day of September, 1877. And the said William H. Atkins agrees faithfully, etc. * * * The said John Steed, township trustee, agrees to keep the school house in said district in good repair, * * * and to pay the said William H. Atkins the sum of —— dollars, the same being the amount of wages at $4.50 per day, as above agreed upon, to be paid upon the receipt of his report as teacher of said school, etc. Provided, etc.

"In witness whereof, we have hereunto subscribed our names, this 6th day of March, 1877.

"JOHN STEED, Township Trustee.
"WILLIAM H. ATKINS, Teacher."

Atkins *v.* Van Buren School Township.

In support of the ruling of the court below, it is claimed that the alleged contract, by reason of the unfilled blanks, is incomplete, and affords no ground on which the appellant can predicate a claim for damages; and, second, that the contract, made as it was, "in advance of the apportionment of the school fund, by the State superintendent of public instruction and the county auditors, as provided in sections 109 and 118 of the common school law," was beyond the power of the trustee to make. Without considering the second objection, we think the first well taken. The complaint shows on its face that neither verbally nor in writing had the parties come to a complete understanding. The blanks were left in the writing, not from mistake but purposely, because the parties were not ready to fill them. The writing contains no agreement that the blanks shall thereafter be filled, in accordance with any defined or definable rule or ascertainable facts. There is, it is true, an averment that the employment was to be for the school year, but it is also averred that all the material parts of the agreement were reduced to writing, and there is nothing in the writing which requires the blanks to be filled for one term rather than for another.

If treated as a contract of employment for an indefinite time, the appellant could claim no more than nominal damages for the breach of the agreement. There is no available error in sustaining a demurrer to a complaint which is good for such damages only. *Axtel* v. *Chase, ante,* p. 74.

The judgment is affirmed, with costs.