Filed Jan. 29, 1891.    ·

---

No. 14,742.

FAIRPLAY SCHOOL TOWNSHIP v. O'NEAL.

SCHOOLS.— *Contract.*—*Employment of Teacher.*— A verbal contract entered into March 31st, 1888, by a teacher with the school trustee, wherein the teacher undertook to teach the school for the term to be held in the school year 1888, for which the trustee promised to pay her "good wages," is not such a contract as will bind the school township and make it liable for a breach.

From the Greene Circuit Court.

*A. G. Cavins, E. H. C. Cavins* and *W. L. Cavins,* for appellant.

*W. W. Moffett* and *C. E. Davis,* for appellee.

ELLIOTT, J.—The complaint of the appellee alleges that she was duly licensed to teach school, and that her license was in force on the 31st day of March, 1888; that she entered into a verbal contract with the school trustee on that day, wherein she undertook to teach school for the term to be held in the school year 1888; that the school trustee promised in said oral contract to pay her "good wages;"

that she has been ready and willing to teach, but the trustee refused to permit her to do so.

The question presented is whether there was such a contract as bound the school township and made it liable for damages for a breach. Our opinion is that there was no such contract. The trustee is an officer clothed with statutory power, and all who deal with him are bound to take notice of the nature and extent of his authority. *Union School Tp.* v. *First Nat'l Bank*, 102 Ind. 464; *Litten* v. *Wright School Tp.*, *ante*, p. 81. The authority of the trustee respecting schools is vested in him for a public purpose, in which all the citizens of the township have an interest, and upon many phases of which they have a right to be heard by petition or remonstrance. This is especially so with regard to the employment of teachers. It is necessary, for the information of the citizens, that contracts made with teachers should be certain and definite in their terms, otherwise the citizens can not guard their interests nor observe the conduct of their officer. It is necessary that the contract should be definite and certain in order that when the time comes for the teacher to enter upon duty there may be no misunderstanding as to what his rights are. Any other rule would put in peril the school interests. Suppose, for illustration, that a contract providing for " good wages," " reasonable wages," " fair wages," or the like, is made, and when the time comes for opening the schools there arises a dispute as to what the compensation shall be, how shall it be determined, and in what mode can the teacher be compelled to go on with the duty he has agreed to perform? Until there is a definite contract it can hardly be said that a teacher has been employed, and the public interest demands that there should be a definite agreement before the time arrives for the schools to open, otherwise the school corporation may be at the mercy of the teacher or else there be no school. We think that a teacher can not recover from the school corporation for the breach of an executory agreement

unless it is so full and definite as to be capable of specific enforcement. This principle is substantially laid down in the case of *Atkins* v. *Van Buren School Tp.*, 77 Ind. 447. There is much reason for scrutinizing with care contracts made so far in advance of the opening of the school year as was that here sued on, and sound policy requires that the terms should be so definitely fixed and made known that all interested may have full and reliable information. It is, we may say in passing, not altogether clear that the statute does not require that all contracts shall be in writing and be recorded, but we do not deem it necessary to decide that question.

