## JACKSON SCHOOL TOWNSHIP *v.* GRIMES.

[No. 3,034.   Filed March 14, 1900.]

CONTRACTS.—*School-Teacher.—Employment.—Evidence.*—A judgment for plaintiff for the breach of an alleged contract employing him to teach school upon the same terms and conditions as those upon which he taught the previous year will be reversed on appeal, where the only evidence as to the compensation he was to receive was the testimony of plaintiff, "Two dollars is what he paid, I think. That is what he paid me the previous year."

From the Decatur Circuit Court. *Reversed.*

*J. K. Ewing* and *C. H. Ewing*, for appellant.
*Cortez Ewing* and *Davison Wilson*, for appellee.

WILEY, C. J.—Appellee sued appellant to recover damages for an alleged breach of contract. The complaint was in one paragraph, and alleged that appellee was a licensed school-teacher, and that for the school year of 1896-97 he taught school in said township, and that he received as compensation for such services the sum of $2 per day for each day actually taught, and in attending institutes; that at the expiration of said school year, to wit, on or about March 10, 1897, he contracted with the trustee of said township to teach school number four in said township for and during the school year of 1897-98, upon the same terms and conditions as those upon which he taught during the school year of 1896-97.

As no question is presented as to the sufficiency of the complaint, it is unnecessary to refer to it further, except to say that it alleges a breach of the contract; that after said breach the appellee diligently sought other employment, but failed to procure or obtain any. The appellant answered by general denial, and a jury trial resulted in a verdict for appellee. Appellant's motion for a new trial was overruled, and judgment was pronounced upon the verdict. Overruling the motion for a new trial is the only error as-

signed and the only available reason assigned in the motion for a new trial is that the verdict is not sustained by sufficient evidence. We are asked to reverse the judgment for the reason, as argued by counsel for appellant, that there is a total failure of proof to sustain the plaintiff's complaint. To avoid the well established rule that this court will not weigh the evidence where there is evidence to support the verdict, counsel for appellant argue that there is a total failure of proof upon the vital question in the case as to the contract itself. They say that the evidence fails to show that there was any valid and binding contract entered into. If appellant is right as to this proposition, the decision may fairly rest upon it, and we need not consider any other question. A contract, to be enforceable or sufficient, upon which an action for damages for its breach may be based, must be so full and definite as to be capable of specific performance. *Fairplay School Tp.* v. *O'Neal*, 127 Ind. 95. The contract should be complete as to all its terms and conditions, so as to express the full intention of the parties affected by it.

A contract between a trustee of a school township and the teacher, embracing the subject of the latter's right to teach one of the public schools in such township, should be so definite and certain as to embrace all the terms upon which such employment rests. A contract of this character is to be scrutinized with care when it is made far in advance of the opening of the school year, as was the contract in this case, and sound policy requires that its terms should be so definitely fixed and made known that all interested may have full and reliable information concerning it. *Fairplay School Tp.* v. *O'Neal, supra.* In that case the complaint declared upon a verbal contract, and it was averred the appellee entered into such contract with the trustee for the term to be held in the school year 1888, and that the trustee promised to pay her "good wages." It was held that the contract was so indefinite and uncertain that an action for its breach would not lie.

In *Atkin* v. *Van Buren School Tp.*, 77 Ind. 447, appellee sued for a breach of a written contract of employment to teach a certain school. The contract specified the school he was to teach, and the amount he was to receive per day. The number of weeks he was to teach, the time school was to commence, and the aggregate amount he was to receive, were left blank. In deciding the case, the court, by Woods, J., said: "The complaint shows upon its face that neither verbally nor in writing had the parties come to a complete understanding. The blanks were left in the writing, not from mistake but purposely, because the parties were not ready to fill them. The writing contains no agreement that the blanks should thereafter be filled in accordance with any defined or definable rule, or ascertainable facts." It was held that there was no available error in the trial court sustaining the demurrer to the complaint.

In the case we are now considering, after appellee had testified to all the conversations he had had with the trustee in regard to his employment to teach for the school year of 1897-1898, he was asked this question: "What was the price to be paid per day?" His answer was as follows: "Two dollars is what he paid, I think. That is what he paid me the previous year." This was all the evidence offered by appellee as to the compensation he was to receive. In his complaint, he averred that he had taught in said township the previous year; that he was paid $2 per day for days actually taught, etc., and it was then averred he was employed for the school year of 1897-98 "upon the terms and conditions hereinbefore alleged." From the above answer to the inquiry as to what compensation he was to receive for the school year of 1897-98, and as that was all the evidence upon the point, it is evident that upon one material condition, at least, of the contract, the minds of the contracting parties never met. We can not accept evidence of what compensation appellee received the previous year in support of what he was to receive the ensuing year, and as there was

no evidence as to what he was to receive, it leaves the contract so indefinite, uncertain, and ambiguous that it can not be enforced. A contract between a township trustee and a teacher, by which the latter agrees to teach a certain school, implies that he is to receive compensation for such services; but if the contract is silent as to what that compensation is to be, it is not such a contract as can be enforced, either against the teacher or the township. As was said in *Fairplay School Tp.* v. *O'Neal, supra,* "It is necessary that the contract should be definite and certain in order that when the time comes for the teacher to enter upon duty there may be no misunderstanding as to what his rights are. Any other rule would put in peril the school interests. Suppose, for illustration, that a contract providing for 'good wages,' 'reasonable wages,' 'fair wages,' or the like, is made, and when the time comes for opening the schools there arises a dispute as to what the compensation shall be, how shall it be determined, and in what mode can the teacher be compelled to go on with the duty he has agreed to perform? Until there is a definite contract it can hardly be said that the teacher has been employed, and the public interest demands that there should be a definite agreement before the time arrives for the schools to open, otherwise the school corporation may be at the mercy of the teacher or else there be no school."

The fact that the appellee received $2 per day for the days actually taught by him in school number two in said township, for the school year 1896-97, can not be regarded as any criterion that he was to receive the same compensation for teaching school number four, in said township, for the school year 1897-98. While the evidence shows that the appellee and the township trustee had several conversations relating to the former's employment to teach one of the schools in appellant township, yet it is clear that the minds of the parties never met as to the terms of the contract, and that no contract was ever made between them. It follows, therefore, that there is a total failure of evi-

dence upon a material question embraced within the issues, and, this being true, the verdict was not sustained by sufficient evidence.

The judgment is reversed, and the trial court is directed to sustain appellant's motion for a new trial.