## TAYLOR v. SCHOOL TOWN OF PETERSBURG.

[No. 5,039.   Filed October 25, 1904.]

SCHOOLS.—*Contracts with Teachers.*—It is not conclusive against the validity of a contract between a teacher and a school township that it consists of more than one instrument of writing.  *p. 679.*

SAME.—*Contracts with Teachers.*—*Omission of Christian Name of Teacher.*—*Pleading and Proof.*—The failure of an order entered by a school board for the employment of teachers to state the Christian name of a teacher may be supplied by averment and proof in an action on the contract. *p. 679.*

SAME.—*Contracts with Teachers Must be in Writing.*— The provision of §§5989a, 5989b Burns 1901 that all contracts between teachers and school corporations shall be in writing and signed by both parties is mandatory.  *pp. 679, 680.*

SAME.—*Contracts with Teachers.*—*Specific Performance.*—A teacher can not recover from a school corporation for the breach of an executory contract unless it is so full and definite as to be capable of specific performance.  *p. 680.*

SAME.—*Contracts with Teachers.*—*Application and Resolution.*—A written application for employment by a school teacher and a resolution adopted and entered of record by the school board agreeing to employ such teacher do not constitute a substantial compliance with §§5989a, 5989b Burns 1901, requiring such contracts to be in writing and signed by the parties, where it was not disclosed by the application and resolution when the school was to begin, the grade she was to teach, nor the pay she was to receive.  *pp. 680–683.*

From Pike Circuit Court; *E. A. Ely*, Judge.

Action by Frank R. Taylor against the School Town of Petersburg.  From a judgment for defendant, plaintiff appeals.  *Affirmed.*

*E. P. Richardson, A. H. Taylor* and *J. E. McCullough*, for appellant.

*J. W. Wilson*, for appellee.

COMSTOCK, J.—Appellant, who was the plaintiff below, filed her amended complaint in one paragraph, in which she alleged that "on the 24th day of May, 1901, she was a resident of the town of Petersburg, in said county and

state, and had been employed as a teacher in the schools of said town for ten years prior thereto; that at said time she was a regularly licensed teacher of said county, and had held and now holds the necessary license and certificate from the county superintendent of schools of said county, which authorized her to be employed in any of the schools of said county; that the defendant is a school corporation under the corporate name of the town of Petersburg, Indiana; that on the 24th day of May, 1901, Leslie Lamb, Simeon J. Haines, and Sylvester Thompson were the duly elected, qualified and acting board of trustees of said school corporation, and Simeon J. Haines was the secretary of said board of trustees; that on the 24th day of May, 1901, the plaintiff, by the style of F. R. Taylor, made her application in writing to the defendant for a position as teacher in the public schools of said town for the ensuing year in the words and figures following: 'Petersburg, Indiana, May 24, 1901. Mr. S. J. Haines, Secretary School Board: Dear Sir: Will you please place this, my application for the position of teacher in the Petersburg public schools for the ensuing year, before the board of trustees at their annual meeting? Acting on the suggestion of Prof. W. H. Foreman, I wish to say to the board that I will take advantage of a course in some educational institution during the coming vacation. I have not decided yet just where or when, but will give the subject my attention as soon as possible. Hoping this will be satisfactory, I remain, yours respectfully, F. R. Taylor.' Which application was duly received by said board; that said trustees met in said regular session on the 25th day of May, 1901, when all were present, at which time they passed an ordinance and contract, entered of record, employing the superintendent and teachers for said defendant to teach in all the departments of said school of said town for the then ensuing school year, and, after having duly considered the application of the plaintiff, employed her in writing as a

teacher in said school for the ensuing school year, as follows: Petersburg, May 25, 1901. School board met in regular session. Members present: S. Thompson, Leslie Lamb, and S. J. Haines. It is moved and seconded that William H. Foreman and J. H. Risley be elected superintendent and high principal, respectively, for the ensuing year—carried. Moved and seconded that the following teachers be employed for the ensuing year: Misses Serepta Deen, Grigsby, Coats, Higgins, Thirza Deen, Taylor, and Bassinger—carried. The above teachers are to be retained on condition that each attend, at some place of learning this summer, a teachers' training school. Motion made and seconded that teachers employed in public schools are forbidden from dancing, card playing, and using tobacco—carried. S. J. Haines, secretary.

"That in making the record of employment the secretary of said board omitted to insert the given name of the plaintiff in said record, but that she was the person referred to, and the one who was intended to be and was employed by said board; that pursuant to her application and the order of said board the plaintiff attended a teachers' training school at the city of Terre Haute, Indiana, and expended the sum of $50 in expenses and tuition therefor; that the plaintiff fully complied with all the conditions of her said contract, and did not engage in any of the acts forbidden by said defendant; that afterwards, after the beginning of said school year, William H. Foreman, superintendent of said schools, and while acting as such, assigned the plaintiff to the eighth grade or grammar department of said school, which position the plaintiff accepted as the teacher thereof. And the plaintiff says, that on the —— day of August, 1901, the said defendant, by said board of trustees, repudiated said contract hereinbefore set forth, and employed another teacher in the place of the plaintiff, without her consent, and refused to recognize the plaintiff as a teacher in said school, although she

was ready, able, and willing to perform her said contract with the defendant, and so informed said board of trustees of the defendant, but the defendant refused to perform its part of said contract; that the defendant brought against her no charges or accusations of immorality or incompetency, but without any cause whatever violated said contract as aforesaid; that when she learned that said defendant had repudiated said contract it was at a season of the year when she could not obtain similar employment as a teacher elsewhere, although she made diligent effort to obtain such employment; that she was compelled to and did lose from her said business as teacher all of the time of said school year as aforesaid; that at the beginning of said school she was present and tendered her services as teacher in said schools, and offered to teach therein as she had agreed to, and the defendant refused to accept her said services as such teacher; that her services as such teacher as fixed by law is $50 per month, or $2.50 per day for each day's service as teacher in any and all of the schools of said county; that the school of the defendant for the school year 1901 continued nine months, being 180 days of school taught therein; that plaintiff is damaged in the sum of $500, which is due and unpaid. Wherefore, the plaintiff demands judgment," etc.

The court sustained the defendant's demurrer for want of facts to the complaint. Failing to plead further, judgment was rendered against the appellant for costs. The ruling upon the demurrer is assigned as error.

The General Assembly of the State of Indiana (Acts 1899, p. 173, §§5989a, 5989b Burns 1901) passed an act to provide for contracts between teachers and school corporations, as follows: "Section 1. That all contracts hereafter made by and between teachers and school corporations of the State of Indiana shall be in writing, signed by the parties to be charged thereby, and no action shall be brought upon any contract not made in conformity to the

provisions of this act.  Section 2.  For the purpose of carrying this act into effect the school, trustees of the several school corporations of this State shall provide a public record of uniform blank contracts to be carefully worded under the direction of the Superintendent of Public Instruction, and cause such contracts to be signed therein, which record shall be deemed a public record open to inspection by the people of their several school corporations." This act was in force at the time that the alleged contract was made.  Is the contract valid and enforceable under the statute?  It is not conclusive against the validity of the contract that it consists of more than one instrument of writing.  *Leach* v. *Rains,* 149 Ind. 152.

Nor do we regard the fact that the order of the school board mentions "Taylor" as one of the teachers, giving no Christian name, as a serious omission.  The identity of a party referred to in a contract is the legitimate subject of averment and of proof.  *Zann* v. *Haller,* 71 Ind. 136, 36 Am. Rep. 193.

The language of the act is free from ambiguity.  Its enactment doubtless had origin in the opinion of the legislature of the importance to prevent misunderstandings in contracts between school boards and teachers.  It is a matter of judicial history that much litigation has grown out of verbal contracts for teaching in the public schools.  The writer of the opinion, Davis, C. J., in *Jackson School Tp.* v. *Shera,* 8 Ind. App. 330, says:  "The writer not only agrees with Judge Elliott that 'there is much reason for scrutinizing with care contracts made so far in advance of the opening of the school year as was that here sued on, and sound policy requires that the terms should be so definitely fixed and made known that all interested may have full and reliable information,' but is also of the opinion that sound policy requires that the lawmaking power should prescribe that when the minds of the parties meet as to the terms of such contract, the same should be reduced

to writing and signed before the school corporation shall be held liable in damages for the subsequent violation thereof by the officer." It is not improbable that this expression, added to the growing litigation upon teachers' contracts, had much to do with the enacting of the law under consideration. The purpose of the legislature is apparent. The language of the statute is clear. It is not open to construction. It furnishes the best means of its own exposition. *Board, etc.,* v. *Davis,* 136 Ind. 503, 22 L. R. A. 515; *Boyd* v. *Brazil Block Coal Co.,* 25 Ind. App. 157. The provisions that the contract shall be in writing and signed by both parties are mandatory. *Stuart* v. *City of Cambridge,* 125 Mass. 102; *Starkey* v. *City of Minneapolis,* 19 Minn. 203.

A teacher can not recover from a school corporation for the breach of an executory contract unless it is so full and definite as to be capable of specific enforcement. *Fairplay School Tp.* v. *O'Neal,* 127 Ind. 95. The application of appellant for employment and the resolution of the school board as set out in the complaint do not tell when the schools in the town of Petersburg began in the year 1901 —neither the day nor the month—nor the grade appellant was to teach, nor the pay she was to receive. It can not be claimed that they are definite in these essentials to a complete contract. "It is frequently provided by statute that all public contracts shall be in writing. This being a mandatory provision and restrictive of the power of the corporation to contract it must be complied with, else the contract is invalid." Beach, Pub. Corp., §253. See, also, §§251, 252, 691, 697.

A township trustee is a special agent possessing statutory powers only, and is without general authority to bind the township. He can bind it when he does what the statute authorizes and does it in the manner prescribed. *Peck-Williamson, etc., Co.* v. *Steen School Tp.,* 30 Ind. App. 637, and authorities cited. A school trustee, like the board of

county commissioners, whose duties are defined and pre-
scribed by statute, can not do any act which is not either ex-
pressly or impliedly authorized by statute. *Board, etc.,* v.
*Fertich,* 18 Ind. App. 1; *Gavin* v. *Board, etc.,* 104 Ind.
201; *Board, etc.,* v. *Barnes,* 123 Ind. 403; *First Nat. Bank*
v. *Adams School Tp.,* 17 Ind. App. 375; *Board, etc.,* v.
*Gillies,* 138 Ind. 667.

It is a well-settled rule of law that where the statute pre-
scribes the manner of exercising power, the manner pre-
scribed must be adopted. *Wrought Iron Bridge Co.* v.
*Board, etc.,* 19 Ind. App. 672; Dillon, Mun. Corp. (4th
ed.), §449; *Platter* v. *Board, etc.,* 103 Ind. 360. In *Plat-
ter* v. *Board, etc., supra,* it is said that where a statute pre-
scribes a mode of exercising a power, that mode must be
adopted, for there is no inherent right of discretion in
corporate bodies. Persons contracting with school trustees
are bound to take notice that their powers are limited by
law. *Honey Creek School Tp.* v. *Barnes,* 119 Ind. 213;
*Bloomington School Tp.* v. *National School, etc., Co.,* 107
Ind. 43; *City of Laporte* v. *Gamewell, etc., Tel. Co.,* 146
Ind. 466, 475, 35 L. R. A. 686, 58 Am. St. 359; *State,
ex rel.,* v. *Board, etc.,* 147 Ind. 235.

The following cases by analogy hold the contract in suit
indefinite and incomplete. *Fairplay School Tp.* v. *O'Neal,
supra.* The trustee promised to pay "good wages." The
court held that such a contract was not sufficiently definite
to enforce.

The case of *Atkins* v. *Van Buren School Tp.,* 77 Ind.
447, was a suit by a teacher, on what he claimed as a con-
tract to teach a school, against appellee school township.
The contract on which suit was brought is in words and
figures as follows: "It is hereby contracted and agreed,
between John Steed, township trustee of the township of
Van Buren, county of Clay, and State of Indiana, and
William H. Atkins, a regularly licensed teacher of said
county, that the said William H. Atkins shall superin-

tend the school in Harmony, and teach grade No. 1 in said school in said township for the term of —— weeks, of five days each, for the sum of $4.50 per day, commencing on the —— day of September, 1877. And the said William H. Atkins agrees faithfully, etc.  *  *  *  The said John Steed, township trustee, agrees to keep the schoolhouse in said district in good repair,  *  *  *  and to pay the said William H. Atkins the sum of —— dollars, the same being the amount of wages at $4.50 per day, as above agreed upon, to be paid upon the receipt of his report as teacher of said school," etc.   Signed by the township trustee and teacher.   The court said: "The complaint shows on its face that neither verbally nor in writing had the parties come to a complete understanding."   Held not to be error to sustain demurrer to complaint based on that contract.

The case of *Jackson School Tp.* v. *Grimes*, 24 Ind. App. 331, was by a teacher—Grimes—to recover damages for an alleged breach of contract.   He averred that he contracted with the trustee of said Jackson township to teach No. 4 in said township for and during the school year 1897-98 upon the same terms and conditions as those upon which he taught during the school year 1896-97.   The court said that a contract to be enforceable, or sufficient, upon which an action for damages for its breach may be based, must be so full and definite as to be capable of specific performance. A contract between a township trustee and a teacher by which the latter agrees to teach a certain school implies that he is to receive compensation for such service; but if the contract is silent as to what that compensation is to be, it is not such a contract as can be enforced either against the teacher or the trustee.   The court said: "It is clear that the minds of the parties never met as to the terms of the contract, and that no contract was ever made between them."

The case of *Wrought Iron Bridge Co.* v. *Board,*

*etc., supra,* forcefully illustrates the rule that corporate bodies deriving their authority from the statute must observe the methods prescribed by the statute. It was an action against the board of commissioners for balance due on a bridge claim, where the bridge was built across a stream forming a boundary line between two counties. The question grew out of the irregularity of the proceedings in letting the contract to build the bridge. In the course of the opinion the court say, in substance: If the statute prescribes a mode in which the power shall be exercised, and the method prescribed is disregarded, or not substantially followed, and a contract entered into, such contract is void; and although the bridge may have been built, and been worth the price agreed upon, and was accepted and used by the two counties, yet the contract, being void, could not be ratified and made binding.

Illustrative cases might be multiplied, and particulars pointed out in which the instruments of writing made the basis of action failed to show a meeting of the minds of the contracting parties, but further elaboration is not deemed necessary. The facts do not show a substantial compliance with the statute. See *Lee v. York School Tp.,* 163 Ind.—.

Judgment affirmed.