## L. L. Snedeker, et al., v. Matter of the Sims Special Drainage District, etc.

1. PETITION—*right to withdraw from.* The signer of a statutory petition has a right to withdraw therefrom at any time prior to action by the tribunal to which it is presented.

2. PETITION—*right to join in, after withdrawal from.* The signer of a statutory petition who has withdrawn therefrom may likewise

cause his name to be reinstated to said petition at any time prior
to action thereon by the tribunal to which it is presented.

Application for appointment of drainage commissioner. Appeal
from the County Court of Edgar County; the Hon. WALTER S.
LAMON, Judge, presiding. Heard in this court at the November
term, 1905. Reversed and remanded. Opinion filed February 1,
1906.

F. C. VAN SELLAR, for petitioners, appellants; H. VAN
SELLAR, of counsel.

H. S. TANNER, for drainage commissioner et al.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opin-
ion of the court.

This question involved in this appeal is as to the suffi-
ciency of a petition for the appointment of one commissioner
in a drainage district organized under the Drainage Act of
May 29, 1879. A petition addressed to the County Court
of Edgar county was signed by a majority of the land-
owners, representing a majority of the acreage in the "Sims
Special Drainage District" in Edgar county, and filed with
the clerk of said court, June 24, 1905, asking for the ap-
pointment of one commissioner instead of three, as pro-
vided in section 62 of said Drainage Act, which is, in part,
as follows:

"On the first Monday in September in each district
heretofore organized under this act, * * * * and hereafter
organized under this act, the county court shall appoint
three Commissioners for each district * * * the court shall
appoint as Commissioner or Commissioners only such per-
sons as shall be petitioned for by a majority of the adult land
owners representing a majority of the acreage embraced in
said district: *Provided,* such petition is filed in said
court on or before the first day of September aforesaid:
*Provided,* that at any time after the drains * * * * have
been fully completed, the court may, on petition therefor,
as aforesaid, dispense with two Commissioners, and there-
after appoint for such district, in accordance with this act,
but one Commissioner to hold the term of office for three
years. * * * " Rev. Stat. 1903, p. 736.

On June 26, a number of the signers of said petition signed an instrument requesting the court not to consider their names on the original petition. With these names withdrawn there did not remain on the petition the names of a majority of the adult landowners, representing a majority of the acreage in the district. This instrument was never filed and was not presented to the court until the date set for the hearing of the petition herein, September 11, 1905. On that date, at the hearing, instruments were presented to the court, signed by all but one of those who had signed the "withdrawal," asking the court to permit their names to remain on the petition as filed and to appoint but one commissioner. Had the court permitted the names signed to these instruments to remain upon the petition as requested, there would have been a majority of the adult landowners representing a majority of the acreage in the district on the petition. At the hearing the court held that these names should be regarded as withdrawn and refused to permit their reinstatement on the petition and further held that a sufficient petition was not before him and the petition should be dismissed. From such order the petitioners have appealed.

It is first urged that the court erred in considering the instrument of withdrawal inasmuch as it was filed after the time fixed by law for the filing of the petition; that upon that day the rights of all became fixed and no one could withdraw his name from the petition thereafter. The case of Kinsloe v. Pogue, 213 Ill., 302, seems decisive of the question. It is there held that a petitioner has the right to withdraw his name from a petition at any time before the tribunal created by law to determine the matter submitted by the petition, has finally acted.

It is further insisted that if it was proper to consider the withdrawals of signatures at the hearing, the court should have also considered the request of those who had withdrawn their names, to have such names reinstated upon the petition. We are inclined to agree with such contention. The court had plenary power under the statute, after the drains

had been fully completed, upon petition, to dispense with two of the commissioners, and thereafter appoint but one.

It appeared upon the hearing that a majority of the adult landowners, representing a majority of the acreage in the district desired this to be done. The court should therefore have granted the petition, which we think was sufficient in form and substance. The effect of the instruments last presented to the court was to nullify the withdrawal and to leave the original petition in full force and effect. Such instruments were introduced in evidence and thus brought to the direct notice of the court. Whether or not they were filed prior to that time was therefore immaterial.

The cause will be reversed and remanded with directions to the County Court to grant the prayer of the petition.

*Reversed and remanded.*