WILLAN *v.* RICHARDSON, TRUSTEE, ET AL.

[No. 7,850. Filed June 28, 1912.]

1. SCHOOLS AND SCHOOL DISTRICTS.—*Location of Schoolhouse.—Injunction.—Parties.—County Superintendent.*—Where the county superintendent had granted a petition to change the location of a schoolhouse, under §6417 Burns 1908, Acts 1893 p. 17, providing for the change of location of schoolhouses on petition of the township trustee and a majority of the patrons, he was not a necessary party to a suit thereafter brought to enjoin the taking of plaintiff's land and the building of a schoolhouse thereon, since by law he had no power or authority to do either. p. 104.

2. APPEAL.—*Review.—Harmless Error.—Ruling on Demurrer.—* Where matters pleaded in a special answer could have been proved under the general denial, the action of the court in overruling a demurrer thereto, even if erroneous, was harmless. p. 105.

3. SCHOOLS AND SCHOOL DISTRICTS.—*Location of Schoolhouse.— Action to Enjoin.—Answer.*—Where the complaint in an action to enjoin the relocation of a schoolhouse, on the theory that the order of the county superintendent changing the location was granted on a petition that was not signed by a majority of the patrons of the school, as required by §6417 Burns 1908, Acts 1893 p. 17, alleged that withdrawals by three persons were filed on the day that the petition was finally ruled on by the county superintendent, a paragraph of answer alleging that a remonstrance on which plaintiff relied had been executed without authority, and that rescissions of withdrawals had been filed to offset withdrawals, was proper. p. 105.

4. SCHOOLS AND SCHOOL DISTRICTS. — *High Schools. — District Schools.—Patrons.*—Under §6583 Burns 1908, Acts 1907 p. 323 and §6602 Burns 1908, Acts 1907 p. 146, the state board of education prescribes a uniform course of study for noncommissioned high schools, and recognizes as noncommissioned high schools those schools following such course, so that a school that is not commissioned, or that has not complied with the law for noncommissioned high schools, must be deemed merely a district school, although high school subjects are taught therein, and the patrons of such school are the patrons of the district. p. 106.

5. SCHOOLS AND SCHOOL DISTRICTS.—*District Schools.—Patrons.— Location of Schoolhouse.*—In any year the patrons of a school within the meaning of §6417 Burns 1908, Acts 1893 p. 17, requiring the petition for change and relocation of a school building to be signed by a majority of the patrons of the school, are the legal patrons living in the district who were enumerated in April of that year, or who have made satisfactory proof that they are actually the parents, guardians or custodians of children of school age living in the district, though not enumerated. p. 106.

6. SCHOOLS AND SCHOOL DISTRICTS.—*District Schools.—Patrons.—* Persons living in a school district in July and August, though not enumerated, and having children of school age whom they intend to send to school in the district the following winter, are patrons of the district. p. 107.

7. SCHOOLS AND SCHOOL DISTRICTS.—*Location of School House.— Withdrawals from Petition.—Revocation of Withdrawals.*—There is the same power to revoke a withdrawal from a petition under §6417 Burns 1908, Acts 1893 p. 17, to change the location of a schoolhouse, as there is to withdraw a signature. p. 109.

8. APPEAL.—*Review.*—*Decision.*—*Issues of Fact.*—The appellate court is not authorized to change the decision of the trial court on issues of fact, where there is evidence to support the decision. p. 109.

From Johnson Circuit Court; *William E. Deupree,* Judge.

Action by Robert Ray Willan against Sanford A. Richardson, Trustee of Hensley School Township, and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Robert M. Miller, Henry C. Barnett* and *L. Ert Slack,* for appellant.

*Miller & White* and *White & Owens,* for appellees.

IBACH, J.—Appellant sued appellee Richardson as trustee of Hensley School Township, Johnson county, also Hensley School Township, Johnson county, also appellee Webb, county superintendent of schools of Johnson county, permanently to enjoin them from moving and relocating a schoolhouse, and taking possession of appellant's real estate and constructing a schoolhouse thereon. The court granted a temporary restraining order, which was dissolved at the time judgment was rendered, and the permanent injunction was denied. The complaint is based on the theory that the order of the county superintendent changing the location of the schoolhouse was granted on a petition which was not signed by the trustee and a majority of the patrons of the school, as required by §6417 Burns 1908, Acts 1893 p. 17.

It is first argued that the demurrer of appellee Webb to the complaint should not have been sustained. Appellant has not brought this before us by a proper assign-
1.    ment of error, neither does he cite authority to support his position. However, the acts sought to be enjoined are the taking of appellant's land and the building of a schoolhouse thereon, and the county superintendent has, by law, no power nor authority to do either. He granted the petition of the patrons, which caused a condemnation suit

to be brought against the property, but that being done, he had nothing to do with its enforcement, and was not a necessary party to the suit.

It is next argued, but again without citation of authority, that appellant's demurrer to the second and third paragraphs of appellee's answer should have been sustained. The court held the second paragraph sufficient, because certain facts therein averred were a special denial of the allegations in the complaint, that a high school existed in the school sought to be removed, and so far it was good as a partial answer. Even if this holding had been erroneous, the facts alleged could all have been proved under the general denial, filed as a first paragraph of answer, and no harm could have resulted to appellant from the court's ruling.

It was pleaded in the complaint that certain withdrawals by three persons from the petition for relocation of the schoolhouse were filed on August 3, 1909, when the petition was finally ruled on by the county superintendent. In the third paragraph of answer it was pleaded that the petition was set for hearing on July 24, that to accommodate appellant's attorneys the hearing was postponed until August 3, on their agreeing that they would file no further remonstrances or withdrawals; that on August 3 there was filed the rescission of withdrawals by three persons who had withdrawn on July 24, and that these had been considered by the county superintendent to offset the withdrawals filed on August 3; also, that a certain remonstrance filed by plaintiff, purporting to be executed by the agent of certain parties, had been executed without authority. It was clearly proper to answer that a remonstrance on which plaintiff relied had been executed without authority, and that rescissions of withdrawals had been filed to offset withdrawals, and the pleading is sufficient as a partial answer.

The important questions to be decided in this appeal arise

on the sufficiency of the evidence to support the decision, assigned under the motion for a new trial, and the first of these is: Was there a high school in said building sought to be removed, and are parents of children attending any part of said school, who live out of the district, and have been enumerated in other districts, patrons of the school? Appellant alleged in his complaint that there was a noncommissioned high school conducted in the building, and introduced evidence to show that some high school subjects were taught in it, and that some children who were enumerated in other districts were among those who were studying high school subjects. Appellant contends that the school is a high school, and that a majority of the patrons of the high school must sign the petition for relocation, to make it sufficient.

The only conclusion from the evidence is, that although some high school subjects were taught in the school, it was not a commissioned nor a noncommissioned high school. Under §§6583, 6602 Burns 1908, Acts 1907 p. 323, Acts 1907 p. 146, the state board of education prescribes a uniform course of study for noncommissioned high schools, and recognizes as noncommissioned high schools those schools following this course, and it was unmistakably shown in evidence that the school in question did not follow this course, and was not recognized as a noncommissioned high school. It has been held by the Attorney-General of the State, and we think rightly, that if a socalled high school has not complied with the law for noncommissioned high schools, or is not commissioned, it must be deemed merely a district school, and that as there is no statute which refers to a patron of a high school, the patrons of such a school are the patrons of the district.

In the case of *Ireland* v. *State, ex rel.* (1905), 165 Ind. 377, 75 N. E. 872, it is held that under the present statute the parent, guardian or custodian is not transferred from one school corporation to another for educa-

tional purposes, but only the child. Following this decision, we hold that those persons who are enumerated in other districts are not patrons of the school to which the children are transferred, within the meaning of §6417, *supra,* which requires the petition for change and relocation of a school building to be signed by a majority of the patrons of the school. We hold that in any year the patrons of a school, within the meaning of §6417, *supra,* are the legal patrons living in the district who were enumerated in April of that year, or who have made satisfactory proof that they are actually the parents, guardians or custodians of children of school age living in the district, though not enumerated.

The next question is whether a majority of the actual patrons of the school signed the petition in controversy. This petition, as presented to the county superintendent, 6. was signed by thirty-eight persons. It was agreed in evidence that fifty-five persons were enumerated in April, 1909, as patrons of the school district; that two of these—Atkinson and Kennedy—were not in July, at the time of filing the petition, and on August 3 when it was finally acted on, such patrons; that two others who signed the petition—Naile and Wolf, not enumerated—lived in the district in July and August, and had children of school age, whom they intended to send to school in the district the following winter. These latter two must be held to be in fact patrons. Appellant contends that one Bridges, guardian of certain children, who was enumerated, and who signed the petition, was not a patron; also offered evidence to prove that one Nichols, who signed the petition, but who was not enumerated, was in fact a patron. Subtracting from those enumerated Atkinson and Kennedy, adding Naile and Wolf as patrons in fact, and for the present not counting Nichols or Bridges as patrons, we have fifty-four actual patrons. Of the thirty-eight signers, it was agreed that Atkinson was not a patron, and that six of the signers, including Nichols, filed withdrawals of their names on July 24, the day fixed by no-

tice for the hearing of the petition. Appellees contend that
the remaining thirty-one names should be counted as on the
petition. Appellee Richardson signed as "S. A. Richardson,
trustee", and appellant contends that this is not a sufficient
signing as trustee and patron both. Richardson testified
that he signed in both capacities, and intended to bind him-
self in both. Section 6417, *supra,* requires that he sign as
trustee in order to make the petition sufficient. In the view
which we shall take of the case, it will be unnecessary to
decide whether he should be counted as a patron, for exclud-
ing his name, and that of Bridges, without deciding whether
the latter should be considered a patron, twenty-nine names
are left on the petition on July 24, a clear majority, even if
all those contested should be held to be patrons.

There are holdings in somewhat analogous cases, that with-
drawals from a petition after the date set for hearing will
not affect the jurisdiction. But the case of *Carnahan* v.
*State, ex rel.* (1900), 155 Ind. 156, 57 N. E. 717, seems to
hold that withdrawals from petitions for change or reloca-
tion of a schoolhouse may be made at any time before the
superintendent acts on the petition, yet in that case it does
not appear that the day of hearing was ever postponed, or
that the withdrawals were filed after the day first set for
hearing, as in the present case. Granting, however, for the
purpose of discussion, but without deciding, that, since the
statute does not fix a specified time for the hearing of such
questions, but leaves it optional with the county superin-
tendent to fix a day, he would have the same right to post-
pone or delay the hearing to a later day, and that during
that extended period the parties interested might take such
additional steps with reference to their names on the peti-
tion as they might desire, yet, in such a view of the case,
we would have to hold that the names of a majority of the
patrons were on the present petition as signers when it was
finally acted on. On August 3 appellant filed three further
withdrawals, and appellees filed three rescisions of with-

drawals filed on July 24. All the authorities which we have found on the subject of rescission of withdrawals hold that there is the same power to revoke a withdrawal from a petition that there is to withdraw it, and that a revocation will be effective at any time when a withdrawal would be effective. So we think that in the view that there was a right to withdraw after the date first set for hearing, these later withdrawals were met by the revocation of withdrawals, leaving at least twenty-nine names on the petition on August 3. *Slingerland* v. *Norton* (1894), 59 Minn. 351, 61 N. W. 322; *State, ex rel.,* v. *Geib* (1896), 66 Minn. 266, 68 N. W. 1081; *Snedeker* v. *In re Sims Special Drainage Dist.* (1906), 124 Ill. App. 380; *In re Taxpayers of Town of Greene* (1870), 38 How. Pr. (N. Y.) 515.

Certain other errors have been assigned, but many of these have been waived by failure to argue, and none of the others, even if errors, would be material, in view of the holdings above made. The important questions sought to be reviewed by this appeal are largely issues of fact, and, as we have seen, the decision of the court in regard thereto is supported by the evidence, and so far as they are issues of fact, this court is not authorized to change the decision of the trial court, where that decision is supported by the evidence.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 1094. See, also, under (1) 22 Cyc. 910-91 Anno.; (2) 31 Cyc. 358; (5) 35 Cyc. 936; (8) 3 Cyc. 360.