## GREENLEE *v*. NEWTON SCHOOL TOWNSHIP OF JASPER COUNTY.

### [No. 8,232.   Filed March 17, 1914.]

1. SCHOOLS AND SCHOOL DISTRICTS.—*Abandonment.*—*Grounds for Abandonment.* — *Recovery for Transportation of Pupils.* — Although the unfavorable condition of roads, streams and bridges would probably be ground for enjoining the abandonment of a school under §6422 Burns 1908, Acts 1907 p. 444, where a school has been abandoned and the pupils have been transported to another school, proof that such conditions permitted abandonment is not essential to a recovery for the furnishing of such transportation. p. 631.

2. SCHOOLS AND SCHOOL DISTRICTS.—*Abandonment.*—*Transfer of Pupils.*—On the abandonment of a school under §6422 Burns 1908, Acts 1907 p. 444, there can be no transfer of the pupils in the sense contemplated by §6449 Burns 1908, Acts 1901 p. 448, and while the children from such abandoned school may become attached to another district by being enumerated therein, §6447 Burns 1908, Acts 1895 p. 127, relating to enumeration, does not make enumeration essential to attach children to a school district, but it is the apparent intention of that section that residence and not enumeration fixes the attachment. p. 632.

3. SCHOOLS AND SCHOOL DISTRICTS.—*Action for Cost of Transporting Pupils.*—*Complaint.*—A complaint against a school township for the cost of transporting plaintiff's children, alleging "that the conveyance used for said transportation was a top buggy, closed with side curtains, and drawn by a horse owned and kept by this plaintiff," shows a sufficient compliance with §6423 Burns 1908, Acts 1907 p. 444, providing that "such transportation shall be in a comfortable and safe conveyance," etc. p. 633.

4. SCHOOLS AND SCHOOL DISTRICTS.—*Action for Cost of Transporting Pupils.*—*Complaint.*—*Allegation as to Appropriation.*—In an action to recover for transporting school children, allegations of the complaint showing that the township advisory board, at each of its annual meetings covering the period during which such transportation was had, appropriated the sum of $500 for such

purpose, were sufficient without pleading the record of the advisory board, or alleging that such appropriation had not been expended, since it is never necessary to plead the evidence, and the entire expenditure of the appropriation, if a fact, is a matter of defense. p. 634.

5. SCHOOLS AND SCHOOL DISTRICTS.—*Transportation of Pupils.— Contract.—Necessity for Writing.*—Section 9598 Burns 1908, Acts 1899 p. 150, requiring certain contracts by school trustees to be in writing, does not apply to contracts for the transportation of pupils from abandoned schools under §6422 Burns 1908, Acts 1907 p. 444. p. 635.

6. SCHOOLS AND SCHOOL DISTRICTS.—*Contracts.—Transportation of Pupils.*—The rule that a township trustee can not contract to pay a reasonable compensation for services to be rendered to the township, has no application to an executed contract, so that although no definite price for the transportation of school children pursuant to §6422 Burns 1908, Acts 1907 p. 444, had been agreed upon, where the contract had been fully executed, a recovery of the reasonable value of such service could be had. p. 635.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Action by Everett Greenlee against Newton School Township of Jasper County. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*John A. Dunlap,* for appellant.
*George A. Williams,* for appellee.

IBACH, J.—Action by appellant against appellee on a contract entered into between him and Edward P. Lane, trustee of appellee, for transportation of appellant's children to school. The court sustained appellee's demurrer to appellant's complaint, and the latter refusing to plead further, rendered judgment for appellee. Error is assigned in sustaining the demurrer to the complaint.

We shall set out only such portions of the complaint as were challenged by the assignments in the memorandum attached to the demurrer. It is averred "that prior to the beginning of said 1909 school year the school formerly maintained in said school district No. 1 was abandoned by the township trustee for the reason that there

were less than twelve regular pupils attendant at said school during the prior year, and that said school remained abandoned during said 1909 and 1910 school years, and no school was maintained and no teacher was teaching in said district during that time.'' It is urged that these facts do not show an abandonment of the school in conformity with law, under the provisions of §6422 Burns 1908, Acts 1907 p. 444, since it is not alleged that the condition of roads, streams and bridges permitted such abandonment. It is probable that the unfavorable condition of roads, streams and bridges would be a ground for injunction to prevent the abandonment of a school, but after it has been abandoned, and the children from the abandoned district have been transported to another school, it is not necessary in an action to recover for furnishing such transportation, to prove that these conditions permitted abandonment.

The complaint alleges that ''during the greater part of the school year beginning September, 1909, and during all the school year beginning September, 1910, plaintiff has

2.  resided together with his family within said school district No. 1, and was a member of said school district,'' and that his two children aged 10 and 7 years were during all of that time under the care and custody of appellant and his wife. Appellee contends that this does not show that the children ever belonged to school district No. 1, or were ever enumerated in said district, and also urges that the averment ''that the children attached for school purposes to said school district No. 1 and all pupils residing within said district who had moved into the district after said school was so abandoned were by reason of said abandonment transferred to other school districts; that plaintiff's said children were as a result of said abandonment transferred to said school district No. 4,'' does not state facts showing the transfer of the children from school district No. 1 to school district No. 4. It was said in *Patterson* v. *Middle School Tp.* (1912), 50 Ind. App. 460, 98 N. E. 440: ''There

could be no 'transfer' as contemplated by §6449 Burns 1908, Acts 1901 p. 448, from a school district which has ceased to exist. A school district is not a geographical subdivision of a township, with definite and certain boundaries. It exists as an entity by virtue of the school. When the school is abandoned, the children of school age * * * become attached to another district by being enumerated therein." Where the parent of children in his custody moves into a certain community after the time for the school enumeration of a certain year, it is not necessary that his children be enumerated in order to have the benefits of the schools of the district for that year; it is sufficient if such children be assigned to the particular school. See *Willan* v. *Richardson* (1912), 51 Ind. App. 102, 98 N. E. 1094. Our statute (§6447 Burns 1908, Acts 1895 p. 127), does not provide that enumeration is necessary to attach children to a school district, only that the enumerator shall give the number of the school district to which the person having the custody of a child or children *is* attached for school purposes, and shall designate the congressional township in which such person resides. The apparent intent of the statute is that the residence fixes the attachment, and not the enumeration.

Next it is urged that the allegations that the appellant furnished transportation for his children, "that the conveyance used for said transportation was a top buggy, 3. closed with side curtains, and drawn by a horse owned and kept by this plaintiff," does not show a compliance with §6423 Burns 1908, Acts 1907 p. 444, which provides that "Such transportation shall be in comfortable and safe conveyances. The drivers of such conveyances shall furnish the teams therefor, and shall use every care for the safety of the children under their charge, and shall maintain discipline in such conveyance." We think there is no merit in this contention.

It is also objected that the complaint does not state facts showing an appropriation by the advisory board of Newton

Township creating a fund which appellee could use to
4. transport the children, but states only a legal conclusion that an appropriation was made. The language of the complaint in this respect as to the year 1910 is: "Plaintiff further avers that at the annual meeting of the advisory board of Newton Township, held on the second Tuesday in September, 1910, the said Edward P. Lane trustee, presented to said board an estimate of the amount of money required to defray the expense of furnishing transportation for all of the pupils in said township entitled thereto, by reason of the abandonment of schools, to and from the schools to which they had been transferred, and said advisory board appropriated the sum of $500 for said purpose and authorized the said Edward P. Lane trustee, to expend the same or so much thereof as might be found necessary to defray the expense of furnishing transportation for said pupils as above set out. That during said 1910 school year there were in said Newton Township ten pupils who had been transferred to other school districts by reason of the abandonment of the schools in the district to which they were attached for school purposes, and who were entitled to transportation to be furnished by the township trustee, by reason of their age and the distance from the schools to which they were so transferred. That all of said children lived in district No. 1 and district No. — and could have been hauled to and from school in two separate conveyances at an expense of not to exceed $1.50 per day for each conveyance, and that there were 140 school days in said 1910 school year in said township." A precisely similar averment as to the years 1909 and 1908 is found. These allegations are sufficient, and it is not necessary to plead the record of the advisory board, as appellee insists. It is never necessary to plead the evidence. Appellant has shown an appropriation by the advisory board for the purpose of transporting children from abandoned schools, sufficient to transport all such children in the township. It may be that if these appro-

priations had been entirely expended, appellant could not recover, but that would be a matter of defense.  See *Lincoln School Tp.* v. *Union Trust Co.* (1905), 36 Ind. App. 113, 73 N. E. 623, 74 N. E. 272; *Waters* v. *State, ex rel.* (1909), 172 Ind. 251, 88 N. E. 67.

The contention is made that under §9598 Burns 1908, Acts 1899 p. 150, the contract in the present case must have been written, in order to support a recovery.  It was

5.  held in *Patterson* v. *Middle School Tp., supra,* that §9598, *supra,* does not apply to contracts for the transportation of children from abandoned schools under §6422, *supra.*

Lastly, it is said that the complaint seeks to recover upon an alleged oral agreement to pay appellant a reasonable compensation for the alleged transportation, and the

6.  law does not permit the township trustee to make a contract to pay a reasonable compensation to a person for services rendered for the corporation which he represents, and that the complaint discloses upon its face that there was never any agreement as to the amount of compensation.  Appellee cites the cases of *Atkins* v. *Van Buren School Tp.* (1881), 77 Ind. 447; *Fairplay School Tp.* v. *O'Neill* (1891), 127 Ind. 95, 26 N. E. 686; *Jackson School Tp.* v. *Grimes* (1900), 24 Ind. App. 331, 56 N. E. 724; and *Taylor* v. *School Town of Petersburg* (1904), 33 Ind. App. 675, 72 N. E. 159, as supporting this position.  In these cases recovery was sought for the breach of an executory contract.  A different rule ordinarily applies where the contract is executed, and the party who has obtained the benefit and allowed the other party to perform can not escape by saying that no fixed compensation was agreed upon.  It appears here that the advisory board authorized the expenditure of a sum sufficient to provide for the hauling of all the children entitled thereto under §6422, *supra,* that the trustee had agreed to pay Greenlee what the service was reasonably worth for the transporting of his children, and that in com-

pliance with such agreement, Greenlee had transported them. Such being the case we think the township liable for the reasonable value of the services rendered.

Judgment reversed, with directions to overrule appellee's demurrer to appellant's complaint.

NOTE.—Reported in 104 N. E. 610. As to the validity and construction of a statute, ordinance, etc., providing for the transportation of pupils to and from school, see Ann. Cas. 1912 C 762. See, also, under (1) 35 Cyc. 1061; (2) 35 Cyc. 1112, 1114, 1115; (3) 35 Cyc. 1058; (4) 35 Cyc. 1060; (5) 35 Cyc. 957; (6) 35 Cyc. 963, 964.