STATE, EX REL. ALLEN COUNTY ORPHANS' HOME, *v.*
SCHMETZER, SCHOOL TRUSTEE.

[No. 19,089.    Filed April 25, 1901.]

MANDAMUS.—*To Require Township Trustee to Provide School.*—An application for a writ of mandate to require a township trustee to furnish, within the school district, a suitable schoolhouse and a teacher for the proper education of children of school age, who were inmates of an orphanage, was properly denied, since the conduct of the trustee in refusing to provide the facilities for a school at the particular place demanded was an administrative act, and the proper remedy was an appeal to the county superintendent of schools.

From the Allen Superior Court.    *Affirmed.*

*T. E. Ellison,* for appellant.

*G. F. Feltz,* for appellee.

BAKER, J.—Application by appellant for a writ of mandate. Demurrer for want of facts sustained. Judgment on appellant's refusal to plead further. The ruling on the demurrer is assigned as error.

The application was filed August 11, 1899. The facts alleged are these: Appellee is trustee of Wayne school township, Allen county, Indiana. Relator is a voluntary corporation organized for the care, support, and education of orphan children of Allen county. Relator's home is within Wayne township, outside the limits of any incorporated city or town. For more than a year preceding the filing of the application, relator has had under its charge

at its home from thirty-five to fifty children of school age, of whom the relator is the legal guardian. Appellee, at the proper time for taking the enumeration of the school children of his township, took the names and ages of relator's wards of school age, and has drawn from the State, through the proper authorities, the money he was entitled to draw on account of such children's being residents of his township. During the winter of 1898-9 a schoolhouse, which relator's wards attended, was destroyed by fire, and appellee has neglected and refused to build or otherwise provide a suitable schoolhouse. On August 8, 1899, appellee offered to accommodate relator's wards at schoolhouse number five in his township. This school is three miles from relator's home. Appellee also offered to provide transportation to and from schoolhouse number five in bad weather. In appellee's township, within half a mile of relator's home, there is another schoolhouse, which is large enough to accommodate relator's wards in addition to the children enrolled at that school. No other schoolhouse is conveniently located with respect to relator's home. Relator's wards are clean, healthy, and well-behaved; but appellee refuses to allow them to attend the nearer school.

Mandamus will lie to compel the performance of an act which the law specially enjoins or a duty resulting from an office, trust, or station. §1182 Burns 1894, §1168 R. S. 1881 and Horner 1897. It is the duty of school trustees to take charge of the educational affairs of their respective townships, employ teachers, establish and locate conveniently a sufficient number of schools for the education of the children, and build or otherwise provide suitable houses, furniture, apparatus and other articles and educational appliances necessary for the thorough organization and efficient management of said schools. §5920 Burns 1894, §4444 R. S. 1881 and Horner 1897. They are required to maintain at least a six months term of school each year.

Acts 1899, p. 424. The relator does not complain that the school term is too short, nor that the accommodations in the township are inadequate; but the charge is that the trustee refused to rebuild the schoolhouse that burned down, and proposed to put relator's wards in a school three miles away when there was sufficient room for them in a school within half a mile. This is not a case of the officer's failure or refusal to act, but is an appeal to the courts to regulate and direct the particular action that the officer should take. The conduct of the educational affairs of a township is an administrative function. The questions of convenience of location and suitability of buildings and appliances are relative, not absolute, and depend upon the circumstances in each township... Relator does not show the number and locations of the schools that are being maintained, nor the respective number of teachers and scholars in attendance, nor to what school its wards were assigned in the spring enumeration of 1899 after the schoolhouse burned down in the preceding winter. School trustees ought to do the best they can with available funds for all the school children of their townships, and it may be that appellee exercised the wisest administrative judgment in arranging matters as he did; but, allowing that the application shows a mistaken judgment, relator's remedy was to appeal to the county superintendent of schools. Sections 6028, 6029 Burns 1894, §4537, 4538 R. S. 1881 and Horner 1897, provide for appeals from all decisions of the trustees on school matters to the county superintendent, and thence to the State Superintendent except as to certain specified questions on which the decision of the county superintendent is final. This furnishes an adequate remedy as against the trustee, and therefore the application for mandate was properly denied. *Fogle* v. *Gregg,* 26 Ind. 345; *State* v. *Wilson,* 149 Ind. 253; *Carnahan* v. *State,* 155 Ind. 156.

Judgment affirmed.