# PATTERSON *v.* MIDDLE SCHOOL TOWNSHIP, HENDRICKS COUNTY.

[No. 8,197. Filed May 17, 1912.]

1. SCHOOLS AND SCHOOL DISTRICTS.—*Discontinuance of Schools.*—*Transportation of Pupils Transferred.*—*Statute.*—*Construction.*—Section 6423 Burns 1908, Acts 1907 p. 444, making it the duty of the township trustee to provide for the education of pupils affected by the discontinuance of a school, and to provide means of transportation for such pupils who live certain distances from the school to which they are transferred, is remedial and administrative in its character, and should be liberally construed. p. 464.

2. OFFICERS.—*Township Trustee.*—*Contracts.*—*Validity.*—*Statute.*—Contracts made in violation of §9598 Burns 1908, Acts 1899 p. 150, §9, providing that when a township trustee desires to purchase school furniture, fixtures, maps, charts or other supplies, excepting fuel and literary periodicals, authorized by the advisory board, he should make an itemized estimate to be used by bidders, are absolutely void and cannot be enforced. p. 465.

Patterson *v.* Middle School Tp., etc.—50 Ind. App. 460.

3. OFFICERS.—*Township Trustee.—Powers.*—Persons doing business with a township trustee are bound to take notice of the extent of his authority, and that his powers are only such as are expressly given by statute, or are necessarily implied therefrom. p. 465.

4. OFFICERS.—*Township Trustee.—Contracts.—Validity.—Estoppel of Township.*—Where a township trustee does not proceed in the manner provided by the statute under which he seeks to bind his township, the contract is void and no subsequent act can estop the township from setting up its invalidity. p. 465.

5. SCHOOLS AND SCHOOL DISTRICTS.—*Transportation of Pupils.— Contract.—Notice.*—Section 9598 Burns 1908, Acts 1899 p. 150, §9, relates only to building or repairing school houses, and furnishing school supplies, other than fuel and literary periodicals, and does not require notice to be given by the township trustee before letting a contract for the transportation of children. p. 466.

6. SCHOOLS AND SCHOOL DISTRICTS.—*Transportation of Pupils.— Duty of Trustee.—Contract.—Validity.*—Under §6423 Burns 1908, Acts 1907 p. 444, a township trustee is compelled to provide means of transportation for children affected by the discontinuance of the school in the district where they reside if they reside certain distances from the school which they are required to attend after such discontinuance, and where there was an unexpended appropriation for the purpose, a contract made by the township trustee for the transportation of pupils entitled to such transportation under the statute, though made without notice, was, in the absence of a statute requiring notice to be given of the letting of the contract, enforceable against the township, and was not affected by the fact that the pupils so transported became of school age long after the school of the district in which they resided had been discontinued. p. 466.

From Hendricks Circuit Court; *James L. Clark,* Judge.

Action by Virgil Patterson against Middle School Township, Hendricks County. From a judgment for defendant, the plaintiff appeals. *Reversed,*

*Edgar M. Blessing,* for appellant.

*George W. Brill, George C. Harvey, Thomas J. Cofer* and *Zimri E. Dougan,* for appellee.

ADAMS, J.—This action was brought by appellant to recover on a written contract with the trustee of appellee township, for transportation of school children. On request, the

court made a special finding of facts, and stated its conclusion of law thereon. The only error assigned on appeal is that the court erred in stating its conclusion of law on the facts found.

In support of the judgment, appellee submits that the contract in controversy was entered into without authority of law, in that no notice was given of the letting of the contract, no bids were received therefor, and the advisory board of appellee township was not present, and did not participate in the making of said contract; that children reaching school age after the abandonment of a school in the district of their residence are not entitled to transportation, under §6423 Burns 1908, Acts 1907 p. 444; that the court does not find that the trustee of appellee township transferred such children prior to the making of the contract in controversy, which is in effect a finding that they were not transferred.

In its first, second and third findings, the court found that on September 28, 1908, there was on hand the sum of $700 appropriated by the advisory board of Middle Township in 1907, for the employment of janitors for the schools in said township, and for the hauling of children to said schools during the year 1908; that on said date the trustee of appellee township entered into a written contract with appellant, wherein the latter agreed to haul the children in said township residing on what is designated in the contract as "route number one," to school number six, and was to receive the sum of $2 per day therefor; that appellant complied with his contract, which required his services for sixty-five days; and that he has not received any compensation for his said services.

Findings four and five are as follows: "(4) The trustee of said township did not before entering into said contract with said plaintiff, advertise in any way or give notice of the public letting of a contract for the performance of said services, and received no bids therefor, and the advisory board of said township did not participate in the mak-

ing of said contract, and were not present when the same was made. (5) None of the children residing along said route number one, and who were hauled by said plaintiff under said contract, resided nearer than one mile to said school number six, and some of them resided more than two miles from said school, and all but one or two of them were over six and under twelve years of age. There were about twelve of said children and all of them resided in a portion of said Middle Township which had at one time been a school district having a school house therein, and was known and designated as District Number Four. The school in said district had been abandoned about ten years before the making of said contract, and there had been no school in said district at any time after the children or any of the children hauled or to be hauled by plaintiff under the said contract had been of school age, and none of the children had at any time attended a school in said District Number Four.''

On the facts found, the court stated as its conclusion that the law was with the defendant, and plaintiff was not entitled to recover. Exception to the conclusion of law was reserved by appellant, and judgment rendered for appellee.

Section 9598 Burns 1908, Acts 1899 p. 150, §9, provides that ''If a trustee finds it necessary to erect a new school house, he shall procure suitable specifications therefor, to be used by the bidders in bidding and in the construction of such house. If he desires to purchase any school furniture, fixtures, maps, charts or other school supplies, excepting fuel and literary periodicals, in such amounts as may be authorized by the advisory board, in any year, he shall make an estimate of the kinds and amounts, itemized particularly, to be used by the bidders therefor. If it is necessary to make repairs on or about the school houses, other than current or incidental repairs, he shall likewise make an itemized statement of the nature and character of the work, to be made for the use of bidders. He shall, in like manner, make

a schedule of such work as may be necessary in the repair or construction of bridges in his township for any one year. All contracts shall be let, after notice given, by posting for three (3) weeks in five (5) of the most public places in the township, and also at or near the door of each postoffice therein, stating briefly the buildings, repairs or supplies sought to be let, and when and where bids will be received and opened therefor. * * * The Advisory Board shall attend the letting. At the letting all the work or supplies in any one class shall be included in a single contract. All bids shall be in writing, and opened and read publicly at the time and place fixed in the notice. The trustee may take time to examine and satisfy himself as to which is the lowest bid, and advise with the Advisory Board thereon, and said board is hereby empowered to reject any and all bids. * * *''

Section 9601 Burns 1908, Acts 1899 p. 150, §11, provides that all contracts made in violation of this act shall be null and void.

Sections 6420-6422 Burns 1908, Acts 1901 p. 159, Acts 1901 p. 437, Acts 1907 p. 444, authorize the township trustee to abandon any district school in his township under the conditions therein set out.

Section 6423 Burns 1908, Acts 1907 p. 444, provides that ''it shall be the duty of township trustees to provide for the education of such pupils as are affected by such or

1. *any former discontinuance in other schools,* and they shall provide and maintain means of transportation for all such pupils as live at a greater distance than two miles, and for all pupils between the ages of six (6) and twelve (12) years that live less than two miles and more than one mile from the schools to which they may be transferred, as a result of such discontinuance. Such transportation shall be in comfortable and safe conveyances. The drivers of such conveyances shall furnish the teams therefor, and shall use every care for the safety of the children

under their charge, and shall maintain discipline in such conveyances. Restrictions as to the use of public highways shall not apply to such conveyances. The expenses necessitated by the carrying into effect the provisions of this act shall be paid from the special school fund.'' This section of the statute has been held to be remedial and administrative in character, and should be liberally construed. *Lyle* v. *State, ex rel.* (1909), 172 Ind. 502, 507, 88 N. E. 850.

Section 9598, *supra,* is a part of the county and township reform law. By this section the trustee is required, where he desires to purchase school furniture, fixtures, maps, charts or other supplies, excepting fuel and literary periodicals, authorized by the board, to make an itemized estimate to be used by bidders. It has also been held that contracts made in violation of this section of the reform act are absolutely void and cannot be enforced; that persons doing business with a township trustee are bound to take notice of the extent of his authority, and that his powers are only such as are expressly given by statute, or are necessarily implied, and that the authority of a township trustee will not be extended nor his powers enlarged, either by intendment or by any strained construction of the statute. §9601 Burns 1908, Acts 1899 p. 150, §11; *First Nat. Bank* v. *Adams School Tp.* (1897), 17 Ind. App. 375, 376, 46 N. E. 832; *First Nat. Bank* v. *Van Buren School Tp.* (1911), 47 Ind. App. 79, 93 N. E. 863, 866; *Oppenheimer* v. *Greencastle School Tp.* (1905), 164 Ind. 99, 103, 72 N. E. 1100; *Moss* v. *Sugar Ridge Tp.* (1903), 161 Ind. 417, 425, 68 N. E. 896.

It has also been held that a trustee must proceed in a manner provided by statute when he seeks to bind his township, otherwise his contracts are void, and no subsequent act can estop the township from setting up their invalidity. *Peck-Williamson, etc., Co.* v. *Steen School Tp.* (1903), 30 Ind. App. 637, 639, 66 N. E. 909;

*Clinton School Tp.* v. *Lebanon Nat. Bank* (1897), 18 Ind. App. 42, 45, 47 N. E. 349; *Lee* v. *York School Tp.* (1904), 163 Ind. 339, 340, 71 N. E. 956.

These cases, however, with many others, have been decided on the ground that the contracts involved were made in violation of an express statute. The question to be first determined in the case at bar is whether §9598, *supra,* requires notice to be given before letting a contract for the transportation of children. As we read that section, it relates only to building or repairing schoolhouses, and furnishing school supplies, other than fuel and literary periodicals. There is no reference made to contracts for the transportation of children from districts where schools have been abandoned, and we do not think we are authorized to read into the section a provision which the legislature did not include.

Section 6423, *supra,* requires the trustee to provide for the education of children affected by the discontinuance of schools in the district in which they reside, and directs that the trustee shall provide and maintain means of transportation for children residing certain distances from the school which they are required to attend.

The court found that an appropriation had been made for this purpose by the advisory board, and that at the time of making the contract in question the same had not been expended. The court also found that appellant in this case contracted to haul the children residing on a certain route for $2 per day; that he was engaged in such service for a period of sixty-five days, and has received no compensation therefor.

Appellee directs our attention to the finding which shows that the children in this case were all under school age, and some of them unborn at the time the school in district number four was abandoned. It is, therefore, insisted that the trustee was not required by §6423, *supra,* to furnish trans-

portation for pupils who were not "transferred" when the school was abandoned. We think such an interpretation too narrow, and wholly at variance with the spirit of our public school system and the laws enacted for the administration of the same. Popular education has always been a matter of the highest concern to the State. Our fundamental law provides that "Knowledge and learning, generally diffused throughout a community, being essential to the preservation of a free government, it shall be the duty of the general assembly to encourage, by suitable means, moral, intellectual, scientific, and agricultural improvement, and to provide, by law, for a general and uniform system of common schools, wherein tuition shall be without charge, and equally open to all." Constitution, Art. 8, §1.

The laws enacted in obedience to this constitutional mandate were passed and promulgated for the manifest purpose of putting children in school, and not for the purpose of keeping them out. Moreover, there could be no "transfer", as contemplated by §6449 Burns 1908, Acts 1901 p. 448, from a school district which has ceased to exist. A school district is not a geographical subdivision of a township, with definite and certain boundaries. It exists as an entity by virtue of the school. When the school is abandoned, the children of school age residing in the district become attached to another district by being enumerated therein. And where a child residing in a locality which was formerly a school district becomes of school age, and resides more than a mile or two miles, as the case may be, from the school in which the child is enumerated by reason of the abandonment of a school, such child is entitled, under §6423, *supra,* to transportation to and from the school which it is required to attend.

The trustee was compelled by law in this case to furnish such transportation, and there being no statute requiring notice to be given of the letting of the contract, such as was

made in the case at bar, the trustee was acting clearly within his powers, and the contract made by him was enforceable against the township.

The judgment is reversed, with instructions to the lower court to restate its conclusion of law, and render judgment thereon in favor of appellant for the amount found due.

NOTE.—Reported in 98 N. E. 440. See, also, under (1) 36 Cyc. 1173; (2) 38 Cyc. 636, 638; (3) 38 Cyc. 637; (4) 38 Cyc. 639; (5) 35 Cyc. 955; (6) 35 Cyc. 954, 957. For a discussion of the validity and construction of a statute, ordinance, etc., providing for the transportation of pupils to and from school, see Ann. Cas. 1912C 762. On the question of the right to use school money for transportation of pupils, see 38 L. R. A. (N. S.) 710. On the duty of the public to furnish free transportation to pupils, see 37 L. R. A. (N. S.) 1110.