STATE OF INDIANA, EX REL. STOCKTON *v.* LANE ET AL.

[No. 22,939. Filed February 25, 1916.]

1. SCHOOLS AND SCHOOL DISTRICTS.—*Transportation of Pupils.—Action.—Complaint.*—In an action against a township trustee and the sureties on his bond for failure to furnish transportation for relator's children, a complaint alleging that for two years last past relator had been a resident householder of what was formerly district No. 1, and was the father of three children of school age, that such district was abandoned by the trustee and by reason thereof relator's children were transferred to district No. 4, and compelled to attend a school more than one and one-half miles from relator's home, that a legal and sufficient appropriation of funds had been made to defray the expense of transporting school children and were available at all times for that purpose in the hands of the trustee, etc., was not defective for failure to allege that relator or his children ever asked to be or were attached to or enumerated in district No. 1, or that relator was a patron of such district and entitled to participate in school elections therein, or for failure to allege the ·

State, ex rel. *v.* Lane—184 Ind. 523.

circumstances under which the district was abandoned, nor was it objectionable as not showing a legal and valid appropriation to enable the trustee to transport the children of relator. p. 526.

2. OFFICERS.—*Public Officers.—Nonperformance of Duties.—Remedy of Private Person.*—A private person can recover from an officer for failure to perform an official duty only when he can show that he has a direct interest in the duty to be performed and that a special damage to himself has resulted as the natural consequence of such failure, and it is immaterial that the duty is primarily imposed on public grounds. p. 527.

3. SCHOOLS AND SCHOOL DISTRICTS.—*Transportation of Pupils.— Nonperformance of Official Duty.—Action.*—An action on the bond of a township trustee for failure of the trustee to furnish transportation to children entitled thereto is properly brought in the name of the parent as relator. p. 527.

4. SCHOOLS AND SCHOOL DISTRICTS.—*Transportation of Pupils.— Statutes.—Construction.*—Under §6423 Burns 1914, Acts 1913 p. 655, providing for the transportation of pupils, the township trustee had no alternative but to make some provision for the transportation of school children on the abandonment of a district which necessitated the attendance of such children at the school of another district more than one and one-half miles from their home, though in providing for such transportation he could exercise some judgment and discretion as to the means employed, and the failure to provide such transportation was the violation of a ministerial duty giving rise to an action on the trustee's bond on the relation of the parent of such children for damages sustained thereby. p. 528.

5. SCHOOLS AND SCHOOL DISTRICTS.—*Township Trustees.—Ministerial Duties.—Nonperformance.—Appeals to County Superintendent.—Jurisdiction of Courts.*—It was not the legislative intent by the enactment of §§6667, 6379 Burns 1914, §4537 R. S. 1881, Acts 1899 p. 240, relating to appeals to the county superintendent of schools, to confer upon that officer exclusive authority to decide all questions pertaining to the jurisdiction of the trustee, the extent of his powers and the proper limits to be observed in the exercise of his legal duty, and such questions may be determined by the courts; hence, when the rights of a citizen are involved in the trustee's alleged breach of a ministerial duty owing to such citizen, the courts may determine the nature of the duty and breach, and whether a cause of action for damages exists in favor of the party claimed to have been injured. p. 529.

6. JUDGES.—*Change of Judges.—Objections.—Waiver.*—Where, on change from the regular judge, the special judge appointed did not qualify within the time provided by §429 Burns 1914, Acts 1903 p. 343, and it appears that on the day such special judge filed his oath and assumed jurisdiction of the cause, the parties appeared and had the cause set for trial, objections made nine days later to the

jurisdiction of such special judge for failure to qualify in time were waived. p. 530.

From Jasper Circuit Court; *Moses Leopold*, Special Judge.

Action by the State of Indiana, on the relation of Jay W. Stockton, against Edward P. Lane and others. From a judgment for defendants, the relator appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*John A. Dunlap*, for appellant.
*George A. Williams*, for appellees.

LAIRY, J.—This was an action on the bond of a township trustee, for damages alleged to have been caused to relator on account of the failure of such trustee to furnish transportation for relator's children to school in accordance with §6423 Burns 1914, Acts 1913 p. 655. The complaint was in one paragraph and a demurrer thereto was sustained by a special judge. Relator declined to plead further and judgment was rendered against him for costs. From this judgment relator appeals assigning as error the action of the trial court in overruling appellant's objection to the jurisdiction of the special judge and in sustaining the demurrer to the complaint. The complaint alleged facts showing in substance that appellee Edward P. Lane was the duly elected, qualified and acting trustee of Newton Township, Jasper County, Indiana, and that his codefendants were his bondsmen, that relator had been for two years last past, a resident householder of what was formerly district No. 1 of such township and was the father of three children who resided with him and who, during the time for which complaint is made of the neglect of the trustee, were between the ages of six and twelve years, unmarried

and free from infectious disease; that school district No. 1 was abandoned by the trustee and that by reason thereof relator's children were transferred to district No. 4 in such township and compelled to attend Blue Grass School in such district which school was more than one and one-half miles from the home of relator and his children; and, that a legal and sufficient appropriation of funds had been made to defray the expense of transporting all of the school children in the township required to be transported including the children of relator, and such funds were at all times available for that purpose and in the hands of the trustee. The complaint further alleged that the relator repeatedly requested the defendant trustee to furnish means of transportation for relator's children to and from such school or some part of such distance, but that the defendant trustee maliciously refused to furnish such means of transportation by reason whereof, relator was obliged to and did provide such transportation at his own expense, to his damage.

The first objections to the complaint raised by appellee under the demurrer thereto, were that the pleading did not allege that the relator or his children ever asked to be or ever were attached to or enumerated in district No. 1, or that relator was a patron of such district and entitled to participate in school elections therein; that it failed to allege the circumstances under which the district was abandoned and did not show a legal and valid appropriation to enable the defendant trustee to transport the children of relator. All questions raised under these objections were discussed in *Greenlee* v. *Newton School Tp.* (1914), 55 Ind. App. 630, 104 N. E. 610, and there decided adversely to the contention of appellee. Without taking up further space it is sufficient to say that

State, ex rel. *v.* Lane—184 Ind. 523.

under the authority of that case this complaint was not defective for the reasons above advanced.

Appellee urges the further objections that it is not disclosed by the complaint that the trustee failed or refused to discharge or perform any duty which he owed the relator; that the duty of transporting school children to school is imposed upon the township trustee, if at all, for the benefit of the public and not for the benefit of private individuals; and that if this duty is imposed for the benefit of private individuals, it must be held that it is solely for the benefit of the school children and not for the benefit of their parents or guardians. Although every failure of an officer to perform his duty is a breach thereof, it is not on that account alone actionable at the suit of every individual member of the community. A private person can recover from the officer only when he can show that he has a direct interest in the duty to be performed and that a special damage to himself has resulted as the natural consequence of the wrongful act or failure to act, and it is immaterial that the duty is primarily imposed on public grounds. The right of action springs from the fact that the private individual receives a special injury from the neglect of the performance of a duty which it was the purpose of the law to impose partly for his benefit. *State, ex rel.* v. *Harris* (1883), 89 Ind. 363, 46 Am. Rep. 169; *Raynsford* v. *Phelps* (1880), 43 Mich. 342, 5 N. W. 403, 38 Am. Rep. 189; *Butler* v. *Kent* (1821), 19 Johns. (N. Y.) 223, 10 Am. Dec. 219. Granting that the duty to transport children from an abandoned school district was primarily imposed on the public ground of furnishing educational facilities, to the public, still it must be held that the statute imposes a duty on the trustee to furnish such facilities to all persons coming within its provisions and

that it provides for such transportation for the special benefit of those individuals who were so located as to be personally entitled to these privileges.     While it is true that under the statute the pupil is named as the one for whom transportation is to be furnished, that is because the pupil is required to attend school and not the parent or guardian.     The parent is enumerated as a patron of the school district, has a right to vote on matters concerning schools in his district, and is compelled by law to send his children to school.     It has been the recognized practice in this and other states in controversies arising between school authorities and persons entitled to school privileges, for the action to be brought by the father as relator as well as by the child.     *Weir* v. *State, ex rel.* (1903), 161 Ind. 435, 68 N. E. 1023, and cases cited; *Waters* v. *State, ex rel.* (1909), 172 Ind. 251, 88 N. E. 67; *Lyle* v. *State, ex rel.* (1909), 172 Ind. 502, 88 N. E. 850; *State, ex rel.* v. *Black* (1906), 166 Ind. 138, 76 N. E. 882; *State, ex rel.* v. *Schmetzer* (1901), 156 Ind. 528, 60 N. E. 269.     This action was properly brought in the name of relator.

It is also claimed that the particular duty the nonperformance of which forms the basis of this action was a discretionary duty and that the 4.     complaint does not allege that the relator ever appealed to the county superintendent as provided by §§6667, 6379 Burns 1914, §4537 R. S. 1881, Acts 1899 p. 240.     Under the allegations of the complaint and the section of the statute relied upon by appellant, it was the trustee's duty to make some provision for the transportation of relator's children.     He had no alternative but to act. In providing for such transportation he was of course required to exercise some judgment and discretion as to the means employed (*Lyle* v. *State, ex rel.*,

*supra*), but the law did not permit him to decide whether any transportation should be furnished. *State* v. *Ruth* (1896), 9 S. Dak. 84, 68 N. W. 189. It is the nature of the particular duty and not the character of the office that determines whether a duty is ministerial. An appropriate and general test has been laid down as follows, "Perhaps as safe a criterion as any other, to ascertain whether a private suit would or would not lie, is to adopt the rule which governs in cases in which a mandamus would or would not be granted." *Rains* v. *Simpson* (1878), 50 Tex. 495, 32 Am. Rep. 609. See, also, *Grider* v. *Tally* (1884), 77 Ala. 422, 54 Am. Rep. 65. In failing to act at all the trustee disregarded a plain provision of the law and applying the above test failed to perform a ministerial duty. The authorities upon which appellee relies as sustaining the proposition that relator's proper remedy was by appeal to the county superintendent were cases in which an action had been brought asking for a writ of mandate, and the attention of this court has not been called to any case where the application of the proposition has been made to ordinary actions at law to recover damages alleged to have been sustained on account of the school officer's wrongful act. Without deciding whether relator in this case could have taken his grievance to the county superintendent he at least was not confined solely to such a remedy.

It was certainly not the intention of the legislature to confer upon superintendents of schools exclusive authority to decide all questions pertaining to the jurisdiction of trustees, the extent of their powers and the proper limits to be observed in the exercise of their legal duty. Such questions may be determined by the courts of the State. Hence when the rights of a citizen are in-

volved in the alleged failure of a trustee to perform a ministerial duty owing to such citizen to his injury, the courts may properly determine whether such nonperformance was within the powers of such trustee, the nature of the duty alleged to have been neglected and whether such nonperformance gives rise to a cause of action for damages in favor of the party claimed to have been injured. *Perkins* v. *Board, etc.* (1881), 56 Iowa 476.

Other objections made to the complaint under the demurrer and the memorandum thereto attached are not well taken and as they are not relied on by the parties on appeal, need not be considered. The complaint was sufficient as against the objections urged and the court erred in sustaining the demurrer.

The remaining point argued by counsel for appellant relates to the overruling of appellant's objection to the jurisdiction of the special judge.

6. On October 12, 1912, appellant filed an affidavit for a change of judge. The court suggested the names of three prospective judges to hear the cause and on February 11, 1913, Moses Leopold was appointed, but did not qualify until November 11, of that year. It is appellant's position that the judge so appointed had no jurisdiction for the reason that under §429 Burns 1914, Acts 1903 p. 343, if a special judge fails to qualify within twenty days after appointment such appointment shall thereupon be held to be vacated. The record shows that on the day Moses Leopold filed his oath as special judge and assumed jurisdiction of the cause, the parties appeared and had the cause set for trial. On November 20, nine days later, appellant made his objections upon the grounds above set out and also asked in said objection that a continuance be had until a time set for trial by a judge appointed by the Governor. Appellant's actions

NOVEMBER TERM, 1915. 531

Louisville, etc., R. Co. *v.* Western Union Tel. Co.—184 Ind. 531.

amounted to a waiver of his objections to the jurisdiction of the special judge. *Lillie* v. *Trentman* (1891), 130 Ind. 16, 29 N. E. 405; *Lewis* v. *Albertson* (1899), 23 Ind. App. 147, 53 N. E. 1071.

Judgment reversed with directions to the trial court to overrule the demurrer to the complaint.

NOTE.—Reported in 111 N. E. 616. As to school officer or teacher as municipal officer, see Ann. Cas. 1914 D 1236. As to duty of public to furnish free transportation to pupils, see 37 L. R. A. (N. S.) 1110. For a discussion of waiver of objection to jurisdiction of special or substitute judge, see 19 Ann. Cas. 94. As to waiver of objection to disqualified judge, see 10 Ann. Cas. 969; Ann. Cas. 1912 A 1072. See, also, under (1) 35 Cyc 916; (2) 29 Cyc 1448; (4) 35 Cyc 908; (6) 23 Cyc 616.