## BOONE ET AL. *v.* CARTER ET AL.

[No. 14,592. Filed November 3, 1933. Rehearing denied December 20, 1933.]

 

*Charles D. Hunt,* for appellants.

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, W. Paul Stratton, John A. Taylor, J. Olias Vanier* and *Charles H. Bedwell,* for appellees.

KIME, C. J.—This was an action by appellants, as resident taxpayers, to enjoin the execution of and performance under a contract to furnish a school bus and drive two routes designated by the trustee and his advisory board. The appellees are the trustee, the advisory board, and the successful bidder. The trustee and advisory board gave a notice, in an attempt to comply with chapter 59 of the Acts of 1931 (§§6267-6270, Baldwin's Ann. Stat. 1934), wherein they asked for bids, first, for the price for which services will be performed, during any one or more of the school years, where all equipment and supplies are furnished by the township, and second, for the price for which services will be performed, during any one or more of the school years, where a part of the equipment and supplies are furnished by said township, and a part by the bidder. In such bid the bidder was to specify the supplies and/or equipment that he would furnish for the amount bid.

Various bids were received, including one from the appellee, Hinkle Graham. The bid from Graham was the only one received that contemplated the bidder furnishing any or all of the equipment and it plainly stated that he would furnish all of the equipment. The bids were opened and the contract was awarded to Graham, which contract was later executed. From a decree refusing an injunction this appeal is prosecuted on the assignment that the court erred in overruling a motion for a new trial.

The only question presented by the briefs, under the

propositions, points, and authorities, is whether or not the trustee and advisory board had authority to contract for the furnishing of the bus and supplies. The appellants contend that the enactment of chapter 59, *supra,* prevents the trustee and advisory board from making the contract here entered into. Section 6853, Burns 1926 (§6266, Baldwin's 1934), being part of chapter 253, Acts 1921, makes it mandatory upon the trustee to furnish transportation to pupils from abandoned schools. Under that statute the trustee and his advisory board, in an attempt to follow the Act of 1931, advertised for bids for this transportation along with an advertisement for the services of bus transportation alone. Since under section 6853, *supra,* it is mandatory for the transportation to be furnished, the Act of 1931 is but a limitation upon the general duty and must be strictly construed, and since we are bound by a strict construction of the Act of 1931 we find that it does not specifically provide for a circumstance such as we have, in the case at bar, inasmuch as said statute governs transportation of school children in the schools of the township, and in the instant case the transportation was to schools other than schools of the township. If the trustee and the advisory board determine to transport the pupils of that community in vehicles other than those owned by the township and there is no fraud or abuse of discretion that determination is not reversible. Thus we conclude that the contract in question is not in violation of any statute and especially is it not in violation of chapter 59 of the Acts of 1931. We find no reversible error and the judgment of the Sullivan Circuit Court is affirmed and it is so ordered.

Bridwell, J., not participating.