### CALIFORNIA SCHOOL TOWNSHIP, STARKE COUNTY
### v. KELLOGG.

[No. 16,589. Filed April 14, 1941.]

*Orville W. Nichols,* of Knox, for appellant.

*William J. Reed* and *Paul E. Reed,* both of Knox, for appellee.

BEDWELL, J.—This action was begun in the trial court by the filing by appellee, Robert Kellogg, of a complaint in two paragraphs. By such complaint appellee, a school bus driver, sought to recover damages from appellant because of alleged breach of a written contract of employment. He alleged that he was dismissed before the expiration of his term of employment. By the second paragraph of complaint, appellee sought to reform the written contract of employment and to recover damages for breach of such contract as reformed.

Appellant answered the complaint by general denial and by certain affirmative paragraphs of answer, one

of which proceeds upon the theory of justification for the dismissal of appellee because of his conduct; and another upon the theory of justification for dismissal because he had failed to give a performance bond to secure the performance of his contract of employment; and another, denying under oath, the execution by appellant of the written contract sued upon. Appellee replied in general denial to the affirmative paragraphs of answer.

No question is presented, or urged, concerning the sufficiency of the pleadings. The issues, so formed, excepting the issue as to reformation of the written contract, were submitted to a jury for trial. The jury rendered a verdict for four hundred dollars ($400) in favor of the appellee; and the trial court, at the same time, found for appellee upon the issues presented by the second paragraph of complaint concerning reformation of the written contract; and the court entered judgment reforming the written contract and in favor of appellee in the sum of four hundred dollars ($400) as damages for breach thereof.

Appellant filed timely motion for a new trial. The same was overruled by trial court, appeal prayed, and the overruling of appellant's motion for a new trial is the sole error assigned in this court.

At the trial of the cause, appellant introduced no evidence, but at the close of appellee's evidence, appellant made a motion for a directed verdict. This was overruled by the trial court and appellant then rested and tendered one written instruction, which was a peremptory instruction to the jury to return a verdict for the appellant. This instruction was refused by the trial court and the refusal to give the same is one of the causes specified in appellant's motion for a new trial.

The only grounds specified in its motion for a new trial, relied upon by appellant, are the overruling of appellant's motion for a directed verdict at the close of appellee's evidence; the refusal of the trial court to instruct the jury to find for appellant; that the verdict of the jury is contrary to law, and that the verdict of the jury is not sustained by sufficient evidence.

The pertinent facts proper for a determination of the errors claimed by appellant are as follows:

On July 6, 1937, Jacob P. Quigley, trustee of California Township, Starke County, Indiana, gave notice by published advertisement that sealed bids would be received for the services of school bus drivers in the schools of such township for the school terms of 1937-1938, and 1938-1939. The notice specified that contract might be extended for another two (2) years if satisfactory service was rendered, acceptable to the township trustee and advisory board. The notice further provided that bids would be received on seven (7) bus routes; that bids for drivers only would be received on the two (2) high school routes; that on the other routes successful bidders must furnish their own chassis, equipped with balloon tires not less than six hundred fifty (650) in size and that such chassis must not be later than 1935 model. Notice also provided that successful bidders must furnish bidder's bond to the satisfaction and approval of the township trustee and advisory board.

On July 20, 1937, bids were opened and school bus route No. 7 was awarded to appellee for four dollars and fifty cents ($4.50) per day. Thereafter, and on August 28, 1937, a written contract was entered into between appellee and Jacob P. Quigley, trustee of appellant school township. This written contract was on a printed form that had been prepared for the employ-

ment of school bus drivers under the provisions of Acts 1917, ch. 49, § 3 to § 6, p. 130, § 28-3801 to § 28-3806, Burns' 1933, and it contained blank spaces for the designation of the school route and the term of the employment, but when the contract was signed these blank spaces were not filled. It also contained the following printed clause:

"1. The said school corporation is to furnish the conveyance to be used and keep it in repairs and to furnish all gasoline and oils necessary used in said transportation services, in compliance with the statutes of Indiana, Acts 1917, page 130."

The contract also provided that appellant should pay appellee the sum of four dollars and fifty cents ($4.50) per day for every day his work of driving a school bus was performed. There were many other clauses and provisions pertaining to the manner of performing his duties, by appellee, which are not essential to the determination of the questions presented.

Before signing of contract, trustee of appellant told appellee that contract was to be for two (2) years, and that appellee would have to furnish the gasoline and oil for the school bus and pay for the same. Appellee began performance of his duties under contract and drove school bus during the school term of 1937-1938. In August of 1938, trustee of appellant discharged appellee. Appellee at the time of the execution of the contract gave no performance bond. About the middle of the school term of 1937-1938, appellee offered to bring someone to trustee to sign bond, but the trustee informed him that the school was about out and not to bother about the bond. No performance bond was given. Trustee of appellant informed the advisory board in July of 1938, that he was going to discharge appellee because appellee had worked against trustee when he was a candidate for renomination in the primary. At

the meeting of the advisory board on September 7, 1938, trustee of appellant informed the advisory board that he had discharged appellee. Two (2) members of the advisory board protested and said that appellee should be retained, but no affirmative action was taken by the advisory board concerning reinstatement of appellee.

Appellant, under the grounds in its motion for a new trial, heretofore specified, contends:

(a) That the notice to bidders, given by appellant, was unlawful because it required the bidders to furnish a part of the equipment to be used by them in performing their services as school bus drivers and that no lawful contract could be based upon such notice.

(b) That the contract entered into between appellant and appellee was unlawful and could not form the basis of an action for the breach thereof because some of the terms of such contract conflicted with the notice to bidders.

(c) That the giving of a performance bond is a condition precedent to the making of a valid contract by a school bus driver, and that none having been given, the contract in question never became legally operative.

(d) That the act of the trustee in discharging appellee was not binding upon appellant school township because it did not have the approval of a majority of the advisory board.

Appellant has not pointed out any provision of the statute, Acts 1931, ch. 59, § 1, p. 144 (§ 28-3901 to § 28-3904, both inclusive, Burns' 1933), under which the notice in question was given, which prohibits a township trustee, when advertising for bidders for the services of school bus drivers, requiring bidders to furnish a part, or all, of the equipment and supplies essential to the performance of their duties. The statute merely provides that the trustee

shall give notice that, "he will receive sealed bids for the services of school bus drivers in the schools of such township," and that the township trustee and advisory board shall open the bids submitted and shall award, "the contracts for school bus drivers in the schools of such township" to the lowest or best responsible bidders. Previous to the passage of such act it was not necessary for the trustee of a school township to give notice of the letting of a contract for the transportation of school children, nor was it necessary that the advisory board co-operate in the awarding of such contract. *Patterson* v. *Middle School Tp., etc.* (1912), 50 Ind. App. 460, 467, 98 N. E. 440.

Under the statutes in force when chapter 59 of the Acts of 1931 became effective, it was the duty of a township trustee to transport the school children that came under the provisions of such statutes, but the schools to which such children were transported and the methods he used in transporting the same were matters largely within his discretion. *Jackson School Twp.* v. *State* (1932), 204 Ind. 251, 262, 183 N. E. 657; *Lyle* v. *State ex rel.* (1909), 172 Ind. 502, 88 N. E. 850; *State ex rel.* v. *Lane* (1916), 184 Ind. 523, 111 N. E. 616.

There is nothing in the language of chapter 59 of the Acts of 1931, indicative of an intention on the part of the Legislature, to limit or restrict the discretion of the trustee to determine the method that would be used in the transportation of school children. The evident purpose of the passage of such statute was to require competitive bidding in connection with the letting of contracts to school bus drivers and to obtain the co-operation of the advisory board and the township trustee in the awarding of such contracts.

In 1935, the Legislature passed an act, Acts 1935, ch. 303, § 5, p. 1478, § 28-3909, Burns' 1933 (Supp.), which regulates the construction and equipment of school buses used, leased, owned, or purchased for the transportation of school children. By § 5 thereof, it is provided:

"Sec. 5. Every school bus purchased or leased by any school corporation, township trustee, board of school trustees, board of school commissioners, any other school officials or contract driver, after the taking effect of this act, shall conform to the requirements prescribed in section 3 of this act."

It will be noted that this section of the statute contemplates the purchase or leasing of school buses by "contract driver." There would be no reason for "contract drivers" to purchase or lease school buses if the townships were without power to contract with them so that they would furnish the transportation equipment.

If it can be gathered from a subsequent statute in *pari materia* what meaning the Legislature attached to the words of a former statute, they will amount to a legislative declaration of its meaning, and will govern the construction of the first statute. 25 R. C. L. § 288, p. 1064.

In the case of *Boone* v. *Carter* (1933), 98 Ind. App. 20, 187 N. E. 357, this Court held that a contract for the transportation of school children, to schools other than those of the township, in privately owned buses was valid and was not in violation of chapter 59 of the Acts of 1931.

Since it is within the discretion of the trustee and the advisory board to make such a contract, where the transportation is from the township to another school corporation, and since the language of chapter 59 of the Acts of 1931 does not limit or restrict the discretion of the township authorities to

make such a contract where the transportation is to schools wholly within the township, there is no reason to hold, that where transportation is made to schools within the township, all the equipment for transportation must be furnished by the township.

There is no validity to the contention of appellant that the written contract entered into between appellant and appellee was inconsistent with the notice given to bidders and that because of such inconsistency no action could be maintained for a breach of the contract. Under the pleadings filed, the contract was reformed by the trial court, and the parties themselves placed a construction upon the contract that made it consistent with the terms of the advertised notice to bidders. It is elementary that a simple written contract, prior to breach, may be modified by agreement of parties and its terms and provisions changed. 12 Am. Jur. § 428, p. 1006.

Appellant has pointed out no provision of statute requiring the giving of a performance bond in connection with the making of a contract between a school township and a school bus driver. While the school township might have the right to require the giving of a performance bond by the school bus driver, the fact that it waives such a requirement, would not make the contract invalid, so that no action could be maintained for a breach thereof.

The fact that the trustee, without the active co-operation of the advisory board, discharged appellee and employed another school bus driver, does not prevent his action from constituting a breach of the contract, entered into between appellant and appellee. Under the provisions of chapter 59 of the Acts of 1931, the powers and duties of the advisory board were limited to the opening and considering of

the bids submitted and to the awarding of the contract. The contract was entered into between the township trustee for and on behalf of the appellant and the school bus driver. The obligations of the contract, that were to be performed by the school township, were to be carried out by the township trustee; and the failure of the township trustee to carry them out, would constitute a breach thereof.

Finding no reversible error, the judgment of the Starke Circuit Court is affirmed.

NOTE.—Reported in 33 N. E. (2d) 363.