BOARD OF SCHOOL COMMISSIONERS OF THE CITY OF INDIANAPOLIS ET AL. *v.* STATE EX REL. WOLFOLK.

[No. 26,474. Filed February 5, 1936.]

*Albert Baker, J. J. Daniels* and *G. R. Redding,* for appellants.

*John L. Niblack,* for appellee.

TREMAIN, J.—The relatrix filed a verified complaint in the Marion Circuit Court against the respondents, in mandamus, in which she alleged facts showing that she was a permanent teacher under an indefinite contract to teach in the public schools of the respondents. She specifically alleged that she had served as a teacher for

respondents for five successive years, to-wit: 1927-1928, 1928-1929, 1929-1930, 1930-1931, and 1931-1932, and did thereafter on June 10, 1932, enter into a teacher's contract for further services with the schools of the corporation, and taught all of said sixth school year which ended June 30, 1933; that on May 23, 1933, the respondents held an informal meeting and discharged relatrix, without notice and without her knowledge or a hearing of any nature as provided by statute; that she was not charged with incompetency, insubordination, neglect or immorality; that no legal steps were taken to rescind her indefinite contract; that her pretended ouster was null and void; and that she demanded to be restored to her rights as a teacher and assigned to a school. The prayer was that respondents reinstate her in her indefinite contract as a permanent teacher.

To this complaint the respondents answered that the relatrix was not and never had been a "permanent teacher" of the school corporation; that she is not and never has been the possessor of an "indefinite contract" as defined by statute; that in September, 1927, the superintendent of the school corporation appointed relatrix as a part-time teacher of sewing in the schools for the school year 1927-1928, at a compensation of two dollars for each period during which she taught; that a few years before her appointment as a part-time teacher, she filed an application in writing for a teaching position in said schools; that October 11, 1927, the appointment of the relatrix as such part-time teacher was approved by the Board of School Commissioners by a notice in writing as follows:

"You are appointed to the position of part-time teacher of sewing at School No. 42, for the school year of 1927-1928, at a salary at the rate of $2.00 per period taught. Please show this to your principal";

that no other rights existed between the parties in respect to the school year 1927-1928; that she taught intermittently during that school year and for such services received the sum of $678.00; that thereafter she served as a teacher in said schools under a regular written contract, which services expired June 30, 1933; that no contract was entered into thereafter; that by reason of the foregoing facts, relatrix is not and never has been a "permanent teacher," and never held an "indefinite contract" as a teacher in said schools.

Relatrix demurred to the answer on the ground that it did not state facts sufficient to constitute a cause of defense to the complaint, for the reason that under the Teacher Tenure Law (Acts 1927, chapter 97, p. 259) any person who has served or who shall serve under a contract as a teacher in any of the school corporations in the state of Indiana for five or more successive years, *and who shall thereafter enter into a teacher's contract for further service with such corporation,* shall thereupon become a permanent teacher. Section 28-4307, Burns 1933.

As a further objection to the sufficiency of the answer, the relatrix says that it shows affirmatively that she taught in the schools of the corporation in the school year of 1927-1928 under a written contract, being the written application dated September 2, 1924, for a teaching position, to which application the school corporation, in writing on October 11, 1927, appointed her as a part-time teacher. She contends that this contract meets the requirements of the law applicable to such cases; that whether or not she was a "regular" or a "part-time" teacher is immaterial so long as she has taught five or more successive years and has entered into a contract for further service; that the law must be construed liberally in her favor.

The court sustained the demurrer of relatrix to said

answer, to which ruling the respondents objected and excepted, and refused to plead further. The court rendered judgment against them, and mandated them to reinstate relatrix as a permanent teacher, and that she recover costs. Respondents excepted to the judgment and appealed to this court.

Respondents agree that the complaint states a cause of action, but say that the answer states facts sufficient to avoid it. It is vitally material, in determining whether or not relatrix is a permanent teacher, to decide the status of the parties to the alleged contract for the school year of 1927-1928. If her employment that year conformed to the requirements of the law, she became a permanent teacher under an indefinite contract, as defined by the Teachers' Tenure Law, and there was no error in sustaining the demurrer to the answer.

Prior to 1899 there was no law in this state requiring written contracts to teach in the public schools of the state. The General Assembly (Acts 1899, p. 173, being section 28-4302, Burns 1933) enacted a law providing that all contracts between teachers and school corporations of the state "shall be in writing, signed by the parties to be charged thereby, and no action shall be brought upon any contract not made in conformity to the provisions of this act." The Act required the trustees of the school corporation to provide a public record of uniform blank contracts carefully prepared and worded by the Superintendent of Public Instruction, and cause the contracts to be signed in said public record. This statute was upheld in *Taylor* v. *School Town of Petersburg* (1904), 33 Ind. App. 675, 72 N. E. 159. The contract therein involved was construed and held not to meet the requirements of the statute.

The General Assembly of 1921 (Acts 1921, Chapter 91, p. 195, being sections 28-4304, 28-4305, and 28-4306, Burns 1933) enacted a law prescribing further terms

and conditions to be contained in a teachers' written contract. It provided that it shall state the date of the beginning of the school term, the number of months thereof, total amount of salary, number of payments, and the manner of cancellation. It was held in *Hall* v. *Delphi-Deer Creek Township School Corp.* (1934), 98 Ind. App. 409, 189 N. E. 527, that the Acts of 1899 and 1921 must be construed together, and that the latter Act did not repeal the former.

Following these statutes, Acts 1933, chapter 116, pp. 716, 719, §1, was enacted and provides:

> Section 1. "... That any person who has served or who shall serve *under contract as a teacher in any school city corporation* or in any school town corporation in the State of Indiana for five or more successive years, and who shall at any time hereafter enter into a teacher's contract for further service with such corporation, shall thereupon become a permanent teacher of such school corporation. . . . Upon the expiration of any contract between such school corporation and a permanent teacher, such contract shall be deemed to continue in effect for an indefinite period and shall be known as an indefinite contract. . . . *Provided,* That teachers' contracts shall provide for the annual determination of the date of beginning and length of school terms by the school corporation; . . . Provided further, That teachers['] contracts shall be uniform and of the form and wording as prescribed by the state superintendent of public instruction."
>
> Section 5. "This act shall be construed as supplementary to an act of the general assembly, page 195, Acts 1921, entitled 'An act concerning teachers' contracts and providing for the repeal of conflicting laws.' " (Our italics.)

Did the alleged contract of relatrix for the school year 1927-1928 meet the requirements of the foregoing statutes? This alleged contract, the terms of which are recited above, is defective in the following particulars: (1) The contract was not "in writing, signed by the parties to be charged thereby"; (2) it was not shown to be one of the uniform contracts kept in a public record and

signed therein, and prepared and carefully worded under the direction of the Superintendent of Public Instruction; (3) it did not state the date of the beginning of the school year, the number of months thereof, the total amount of salary to be paid during the school year, or the number of payments to be made during the year.

All of the Acts of 1899, 1921, and 1933 must be construed together as one law, defining the nature and terms of the contract to be executed by a teacher and school corporation. The Acts of 1921 and 1933 took nothing away from the Act of 1899, but added further conditions thereto.

The case of *Taylor* v. *School Town of Petersburg,* *supra,* was decided in 1904 when only the Act of 1899 was in force. The facts in that case are quite similar to the facts in the case at bar. Taylor made her application in writing May 24, 1901, for a position as a teacher in the public schools of that town for the ensuing year, which application was as follows (p. 676) :

> "Will you please place this, my application for the position of teacher in the Petersburg public schools for the ensuing year, before the board of trustees at their annual meeting?"

This letter was addressed to the secretary of the school board. The application was received by the board, which, in regular session May 25, 1901, when all were present, passed an ordinance, entered of record in writing, reciting therein that after having duly considered the application of Taylor, it employed her as a teacher in said schools for the ensuing year. This was the only contract executed between the parties. The superintendent of the schools assigned Taylor as a teacher in the eighth grade or grammar department of said school. Thereafter the board of trustees repudiated the contract, without the teacher's consent, and refused to recognize her as a teacher or to permit her to teach. The

court sustained a demurrer to the complaint, and an appeal was taken to the Appellate Court.

The Act of 1899 formed the basis of the defense. The court said it is free of ambiguity and that its enactment doubtless had origin in the opinion of the legislature of the importance to prevent misunderstanding in contracts between school boards and teachers; that it is a matter of judicial history that much litigation had grown out of verbal contracts for teaching in public schools; "that sound policy requires that the law-making power should prescribe that when the minds of the parties meet as to the terms of such contract, the same should be reduced to writing and signed before the school corporation shall be held liable." It was held that the provisions that the contract shall be in writing and signed by both parties are mandatory; that the application for employment and the resolution of the school board do not recite when the schools in the town of Petersburg began in the year 1901, neither the day nor the month, nor the pay she was to receive; that it is frequently provided by statute that all public contracts shall be in writing. This being a mandatory provision and restrictive of the power of the corporation to contract, it must be complied with, else the contract is invalid.

It was further held that a township trustee or board of school commissioners is a special agent possessing statutory powers only, and is without general authority to bind the school corporation. It can be binding only on the school officers to do what the statute authorizes, in the manner prescribed, and all who deal with such school officers do so at their peril and take notice of the extent of their authority. See Lee v. *York School Township* (1904), 163 Ind. 339, 71 N. E. 956, and decisions there collected.

It is held generally that where a statute prescribes

a mode of exercising a power, that mode must be adopted, for there is no inherent right of discretion in corporate bodies. Persons contracting with school trustees are bound to take notice that their powers are limited by law, and as further stated in the Taylor case (p. 683):

"If the statute prescribes a mode in which the power shall be exercised, and the method prescribed is disregarded, or not substantially followed, and a contract entered into, such contract is void."

The Act of 1933 in defining a permanent teacher provides that any person who has or shall serve "under contract as a teacher . . ." The phrase "under contract as a teacher" means a contract containing the terms and conditions, and executed in the manner prescribed by the statute.

The alleged contract of the relatrix for the school year 1927-1928 does not comply with the terms of the statute. It was not in writing, signed by the parties to be charged thereby; it did not state the date of the beginning of the school term, the number of months in the school term, the total amount of the salary, and the number of payments to be made during the school year. In addition to all of this, the contract upon which the relatrix relies was uncertain as to the time she was to teach in that school year and the amount she was to receive for the year. She did not know when she would be called upon to teach, or whether she would be called in any event. At most, she was an extra, part-time, or supply teacher. She was not in a position to demand of the school board that she be permitted to teach on any certain day, week, or month of the year; nor was she bound to report for teaching when called upon by the school board. Under these conditions, it cannot be said that she taught under a contract prescribed by statute, or that she is a per-

manent teacher, since it was necessary, in order to become such, to show that she served under a contract prescribed by statute. Without this showing she was unable to show that she had been a teacher in the school corporation for five or more successive years, and that she was thereafter employed for further services.

The respondents' answer stated facts sufficient to avoid the complaint and the relatrix's demurrer to the answer should have been overruled. Therefore, the cause is reversed with instructions to overrule the demurrer to respondents' answer.