McCRARY ENGINEERING CORP.,
Defendant-Appellant,

v.

TOWN OF UPLAND, Plaintiff-Appellee.

No. 1–684A136.

Court of Appeals of Indiana,
First District.

Jan. 15, 1985.

Robert J. Hoffman, David L. Simmons, Lowe, Gray, Steele & Hoffman, Indianapolis, for defendant-appellant.

Alan H. Lobley, Cathy Chambers, Ice, Miller, Donadio & Ryan, Indianapolis, James McKown, Jr., McKown & McKown, Marion, for plaintiff-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

McCrary Engineering Corporation (McCrary) appeals the trial court's ruling granting the Town of Upland's request for a stay of arbitration and its judgment finding a contract between McCrary and Upland unenforceable. We affirm.

## FACTS

In 1973, Upland hired McCrary to assist in the planning and construction of a sewage treatment plant for the town. Various grants were available from the federal

government for the construction of such a facility and McCrary assisted in the preparation of forms, reports, and other documents which had to be submitted to the Environmental Protection Agency to obtain the federal money. On March 23, 1983, the Upland town board passed a resolution authorizing the town board president, Richard Puckett, to execute all forms and applications necessary for the project. As part of its duties under the 1973 contract, McCrary prepared grant applications and mailed them to Puckett for his signature. Included in the grant application was another contract providing for the employment of McCrary to perform engineering services for the town. This contract included a broad arbitration clause. Puckett signed all the documents as instructed by an accompanying letter. However, he did not review the documents prior to signing them and as a result signed the engineering contract believing it was merely part of the grant application. On July 7, 1983, the town board voted to terminate its contract with McCrary. This action precipitated the present controversy.

After being notified of the termination, McCrary filed a demand for arbitration claiming that the 1983 contract required arbitration of all disputes. In response, Upland filed a complaint in Grant Circuit Court (which was subsequently venued to Boone Superior Court) to stay arbitration alleging that the 1983 contract, which contained the arbitration clause, was void because Puckett was not authorized to execute an employment contract. The trial judge entered findings of fact and conclusions of law in favor of Upland. He determined the 1983 contract was void and, therefore, the arbitration clause was unenforceable. McCrary now appeals this judgment.

1. We are also hesitant to address this issue because it involves congressional power to regulate a transaction between an Indiana town and a private corporation under the authority of the commerce clause. U.S. const. art. 1 § 8 cl. 3. This court will not decide constitutional issues

## ISSUES

We believe the issues raised by McCrary can be consolidated into the following:

1. Did the trial court err by refusing to permit the question of the validity of the 1983 contract to be determined in arbitration proceedings?

2. Did the trial court err by finding the 1983 contract was not binding on the Town of Upland?

*Issue One*

 The agreement signed in 1983 by Richard Puckett was essentially an employment contract. The contract also contained a broad arbitration clause stating:

> "All claims, counter-claims, disputes and other matters in question between the parties hereto arising out of or relating to this agreement or the breach thereof will be decided by arbitration in accordance with the Construction Industry Arbitration rules of the American Arbitration Association...."

Record at 177. The contract also defined the scope of arbitrable issues as "any and all disputes between the parties arising out of this agreement." Record at 177. Whether the contract is enforceable is an arbitrable issue according to McCrary. Therefore, the court had no authority to determine enforceability of the contract. We disagree.

McCrary argues the Federal Arbitration Act should apply to the present case and states that it supports their position that validity of the contract is an arbitrable issue. We need not address the issue of whether the Indiana Arbitration Act or federal act applies since the acts are similar in pertinent part and a choice between the two will not affect our decision.[1] Actually, neither the federal act nor Indiana act supports McCrary's argument. The Indiana act states:

if other grounds exist for the disposition of the case. *United States v. Zemke,* (7th Cir.1972) 457 F.2d 110 *cert. denied* 406 U.S. 947, 92 S.Ct. 2051, 32 L.Ed.2d 335; *Consolidated City of Indianapolis v. Cutshaw* (1983), Ind.App., 443 N.E.2d 853, 857 *trans. denied.*

"On application of a party showing an agreement described in section 1 [34–4–2–1] of this chapter, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration. Ten [10] days' notice in writing of the hearing of such application shall be served personally upon the party in default. *If the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issues so raised without further pleading and shall order arbitration if found for the moving party, otherwise, the application shall be denied.*"

Indiana Code section 34–4–2–3(a) (emphasis supplied). The federal act contains similar language:

"A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court.... for an order directing that such arbitration proceed in the manner provided for in such agreement.... The court shall hear the parties, and *upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue,* the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.... *If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.*"

9 U.S.C. § 4 (1970) (emphasis supplied). Clearly, both statutes reserve the question of whether an agreement to arbitrate exists for the courts.

The issue of whether an agreement to arbitrate exists is a threshold question for judicial determination. *Great American Trading v. I.C.P. Cocoa, Inc.,* (7th Cir. 1980) 629 F.2d 1282, 1288. Both Indiana and federal courts, in interpreting the respective legislation, require a party seeking arbitration to show the court: (1) The existence of a valid agreement to arbitrate and (2) a breach of the agreement to arbitrate by the opposing party. *In re Mercury Construction,* (4th Cir.1981) 656 F.2d 933, 939 *aff'd* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765; *Shahan v. Brinegar* (1979), 181 Ind.App. 39, 390 N.E.2d 1036, 1040. If it is claimed that there had at no time existed a contractual relationship between the parties such an issue must be tried by the court before the parties can be ordered to arbitrate. *Interocean Shipping Co. v. National Shipping & Trading,* (2d Cir. 1972) 462 F.2d 673; *In re Kinoshita & Co.,* (2d Cir.1961) 287 F.2d 951. The basis of Upland's objection to arbitration is that the contract containing the arbitration clause was executed without the requisite authority. If the town board president was not authorized to sign the contract then the arbitration clause contained therein is unenforceable. Because Upland challenges the very existence of a contractual relationship between McCrary and the town it was proper for the trial court to determine the threshold question of whether an agreement to arbitrate existed.

*Issue Two*

With the arbitration question decided we now turn to the pivotal issue in this case. This appeal turns on whether the contract signed by Puckett was enforceable against the Town of Upland.

■ The authority of a town board president is derived from constitutions, charters, statutes or ordinances. 20 I.L.E. *Municipal Corporations* § 78 (1959). The only such source of Puckett's power to act on matters involving the sewage treatment plant was a resolution passed by the town board on March 23, 1983. However, this resolution conferred only limited authority. It stated:

"WHEREAS, the Civil Town of Upland, Indiana proposes to construct projects for the abatement of water consisting of waste-water treatment works, and

WHEREAS, the Town of Upland is eligible for Federal grant assistance under Title II of the Federal Water Pollution Control Act of 1972, P.L. 92–500.

NOW THEREFORE IT IS RESOLVED that the Town of Upland prepare and submit an application to the Environmental Protection Agency for Step 2 and 3 (preparation of plans, specifications and construction supervision) grant under provisions of P.L. 92–500.

IT IS FURTHER RESOLVED that Richard Puckett, President, Town Board of Trustees is authorized to execute all forms and applications on behalf of the Town of Upland for this project, and that henceforth all documents so executed will be valid and will reflect the intentions of the Town of Upland."

Record at 177 p. 2. This resolution authorized Puckett to execute forms and applications necessary to obtain federal grants. We agree with the trial court that this resolution did not authorize the town board president to enter into an employment contract with a private engineering firm. Due to his lack of authority, Puckett did not bind Upland and the contract is unenforceable against the town. *Laramore & Douglass, Inc. v. City of Anderson, Ind.,* (7th Cir.1955) 222 F.2d 480.

■ McCrary argues that the resolution gave Puckett a badge of authority upon which they relied. However, any "party dealing with a municipality is bound to take notice of the limitations on its powers and the laws governing the municipality in making contracts." *Fort Wayne Patrolman's Benevolent Association v. City of Fort Wayne* (1980), Ind.App., 408 N.E.2d 1295, 1301 *reh. denied* 411 N.E.2d 630. A municipality may deny the validity of a contract entered into by its officials if they lacked the requisite authority. *Id.*

Judgment affirmed.

ROBERTSON and NEAL, JJ., concur.